2021 OCT 13 AM 10:43
USDC-EDPA RECD CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

*Winston Banks, Pro Se*

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

*Estate*

*Howard Taylor, Esq.*
*Joseph Fineman, Esq (Deceased)*
*Jerome Taylor, Esq (Deceased)*
*Gino Benedetti, Esq (SEPTA)*
*Auclair + Giles, Law Ofc*

_____

_____

_____

_____

**COMPLAINT**

Jury Trial:  ☑ Yes   ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | Winston Banks |
| | Street Address | 1780 E. Washington Lane |
| | County, City | Philadelphia |
| | State & Zip Code | Penna. 19138 |
| | Telephone Number | 267-595-5792 |

*Rev. 10/2009*

B.     List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _Howard Taylor, Esq_
Street Address _417 Conshohocken State Road_
County, City _Glad Wyn_
State & Zip Code _Penna 19109-1024_

Defendant No. 2

Name _Joseph Fineman, Esq (Deceased)_
Street Address _1901 JFK Blvd, Apt 712_
County, City _Philadelphia_
State & Zip Code _Penna 19103-1585_
_Francis Fineman (Spouse)_

Defendant No. 3

Name _Jerome Taylor, Esq (Deceased)_
Street Address _41 Conshohocken State Road_
County, City _Bala Cynwyd_
State & Zip Code _Penna 19004_
_Judith Taylor (Spouse)_

Defendant No. 4

Name _Auclair-Giles, Law office_
Street Address _4 Rue De Martingny_
County, City _0 Saint-Jerome_
State & Zip Code _Quebec J7Y359 (Canada)_

## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction? *(check all that apply)*
    Q   Federal Questions          ☑ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _To be Determined_

Winston Banks, Pro Se

P.O. Box 13417

Philadelphia, PA  19101

267-595-5795/267-456-5188

**CON'T**

Page 2-Auclair/Giles Law firm, 103-4 Rue De Martingny, Ost-Jerome, Quebec J7y359, Canada (Second Office) Phone-(450) 431-2202

Corporation Director (De Vehicules Rockland)-Lucien Tessier, E Place Bellerive, Suite 2112, Chomedev, Laval QC, Canada

Page 1-**SEPTA Transportation,** Gino Benedetti, Esq. Office of General Counsel, 1234 Market St. 5th Floor, Phila  PA 19107

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship __United States__

Defendant(s) state(s) of citizenship __Canadian__

### III.  Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  Where did the events giving rise to your claim(s) occur? __Veterans Administration Hospital, 3900 Woodland Ave, Phila. Pa. 19104__

B.  What date and approximate time did the events giving rise to your claim(s) occur? __October 21, 2019 Surgery was performed 12:00 pm__

**[What happened to you?]**

C.  Facts: __Due to Debilitating injury the minimal evasive surgery was performed on my lower back. The surgery entailed inserting four (4) Titanium screws to fuse my L-4 and L-5 vertabrae.__

**[Who did what?]**

__The Surgery was an In-Patient Procedure that was performed by Dr. Steven Phillop, At the Veterans Hospital.__

**[Was anyone else involved?]**

__There was a complete surgical staff, Nursing staff for Recovery and the Physical + Occupational Therapy staff.__

**[Who else saw what happened?]**

__There was a surgical nurse who was present during the consultation and surgery.__

IV.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. PRIOR to The SURGERY THERE WAS A LONG ENDURING YEARS of PAIN AND Suffering. I ENDURED Thoracic SPRAIN AND PAIN, LOWER AND UPPER LUMBAR bulging DISCS (L-3, L-4 + L-5) Instability in both my knees. ExtReme Numbness AND PAIN in my Left Leg extending to my Foot AND TOES. I RECEWED Therapy from Dr. BARRy MARKS, PhiLA Dr. Kenneth Izzo Flourtown AND DR. DAVID GOODMAN, Chiropractic, PhiLA. Aquatic Therapy from YMCA AND Kroc Center, Salvation Army Pool.

V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. As A PRO Se LitigANt I Am Requesting That the Court DEem Necessary the Degree of Compensation. I Request That, not being Legally TRAINED, in The Event Of Any Defects in my petition I, winston BANKS, bE Allowed to CoRRect Any All. I Request The Court utilize it's Discretion Due to The NATURE of (A) Deceased Attorney's (B) Foreign Defendant Regarding proper notice. IN The Event of Sworn Testimony the Plaintiff will verbalize on Record The Loss of Income, fulfillment of Life AND The inability of The pursuit of happiness.

Plaintiff has prepared A Motion for The Court that outlines specific points with Exhibits which is Ready for filing. CAN The Court APPoint A Second CHAIR To ASSIST.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _18th_ day of _October_ , 20_21_ .

Signature of Plaintiff _Winston Burk_

Mailing Address _P.O. Box 13417_

_Phila. PA. 19101_

Telephone Number _267-585-5192 / 267-456-5188_

Fax Number *(if you have one)* _N/A_

E-mail Address _Winston barks 59 @gmail. Com_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

*Winston Banks, Pro Se*
*Plaintiff*

*P.O. Box 1171*
*Phila. PA-19101*
*267-595-5792*

## ADDRESSES

**Howard Taylor, Esq.**

(Residence) 417 Conshohocken State Road, Gladwyn PA  19035-1453

(Work) 123 South Broad St, Suite 1310, Phila PA 19109-1024

................................................................................

**Law Ofc-Auclair & Giles** (represented Location De Vehiclules Rockland, Inc.)

   a. 4 Rue De Martingny, O  Saint-Jerome, Quebec J7y359

   b. 103-4 Rue De Martingny, Ost-Jerome, Quebec J7y359

     Phone # (450) 431-2202

**Corporation Director-Lucien Tessier**, E Place Bellerive, Suite 2112, Chomedev, Laval QC, Canada.

................................................................................

**Joseph I. Fineman, Esq. (Deceased)**   Francis Fineman (Spouse)

Residence-1901 JFK Blvd, Apt 712, Phila PA 19103-1505

       -20 Mechanic St, Camden ME 04843-1707

................................................................................

**Jerome Taylor, Esq. (Deceased)**   Judith Taylor (Spouse)

Residence-41 Conshohocken State Road, Apt 615, Bala Cynwyd PA 19004

................................................................................

SEPTA

**Gino Benedetti, Esq.**

Ofc of General Counsel

1234 Market St.

5th Floor

Phila PA  19107-3780

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1720 E. Washington Lane, Phila. PA. 19138

Address of Defendant: Howard Taylor, Esq. 417 Conshohocken state Rd Gladwyn, PA 19109

Place of Accident, Incident or Transaction: Veterans Hospital, 3900 Woodland Ave Phila PA 19104

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 18 October 2021 _____ Winston Bank _____ Pro Se _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Winston Banks _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 18 October 2021 _____ Winston Bank _____ Pro Se _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Winston J. Banks, Pro Se                  :
          Petitioner                :
                               :

         Vs.                        :
                               :   CIVIL ACTION No._____

       **ESTATE**                   :
Jerome Taylor, Esq. (**Deceased**)& Associates
Et Al & Joseph I. Fineman, Esq. (**Deceased**)   :
Et Al; Howard A. Taylor, Esq., Auclair Giles   :
and Location Devehicules Rockland, Inc.,   :
South Eastern Pennsylvania Transit Authority
(SEPTA)                              :
       Defendant(s)              :

## **MOTION**

In accordance with the United States Federal Court, 3rd District, Rule 27(a)(2)(A), Fed. R. App.Pro which requires that a Motion prepared must denote the *"grounds for the Motion, Relief sought and the legal argument to support the Motion"*. In addition Pa Rules of Court, Vol II, Federal Revised ed, 2021 Thomson Reuters, P.255 Rule 39.3 **Records, Files and Exhibits** statesthat *"All exhibits received as evidence, or offered and rejected, upon the hearing of any Case or Motion shall be delivered to the Clerk"*. Rule 7.1, P. 249 **Motion Practice** (a) states that *"every Motion shall be accompanied by a form of Order which, if approved by the Court, would Grant the Relief sought by the Motion"*. (f)*"Any interested Party may request to the Court permission to express oral arguments on a Motion"*. The Courts have discretion dispose of a Motion without Oral arguments".

Jenkins Law Library, 1801 Market St, 9th Floor, Phila. Pa 19103. Daily pass #13816
#13834

In May 13, 1991 The Petitioner was involved in a work related motor vehicle accident (SEPTA).The mode of transportation that the Petitioner was operating during his scheduled authorized shift was a "passenger" bus.  During the process of picking up an authorized commuter at an authorized Authority stop, the bus was rear ended by an"18 wheeler tractor trailer". The accident procedures were followed such as the Lower Merion police, SEPTA management and EMT medical who transported the Petitioner to Lankanau Hospital (**EXHIBIT A**).

Petitioner proceeded to perform the required functions to alleviate the acute and lingering effects caused by the accident. Physical therapy was performed by Dr. Kenneth Izoo in Flowertown PA, Barry Marks, DO in Mt Airy and Cecil Harris, DO in Phila. PA. Petitioner Workmen's Composition claim was handled by Attorney Robert Huber, Esq. from the Law firm of Frumer & Etkin, Phila. PA (**EXHIBIT B**).

Petitioner is presenting to the Court as additional evidence "request for disability" from Prudential Insurance. The Petitioner had an active "Rider" at the time of injury as for protection of his personal residence. The completion of this form was by the medical evaluator, Dr. A-Bhumi Srinivas whom practiced under Dr. Kenneth Izoo, Flowertown, Pa. The purpose of this document is to illustrate an additional medical opinion regarding the status of the Petitioner at that immediate time (**EXHIBIT C**).

During a conference that was held in the Law Office of Attorney Jerome Taylor Philadelphia PA I had met with my individual Attorney, Joseph Fineman, Esq. The purpose of that meeting was when Attorney Joseph Fineman Esq. produced a Settlement offer from the Court. It was at that time when Attorney Jerome Taylor entered and stated *"you should sign it, Judge Trautman doesn't like Jews and Blacks"*. Feeling pressured It was then that I mentioned to Attorney Joseph Fineman *"that I had to use the Men's room"*. I took it upon myself to vacate the building to return home. Days later I received the certified letter from

Attorney Jerome Taylor's Law Office signed by Attorney Joseph Fineman. I responded in hand written letter what was my requirements were (**EXHIBIT D**).

There was a Law suit initiated by Attorney Ronald Josephs, Esq. Phila. PA on behalf of the Petitioner. A deposition was held in Phila. PA. The Case rose to the level of the Superior Court of Penna. Of the three Branches of government, Executive, Legislative and Judicial it is stated that *"the people must have utmostfaith in the Judicial process to maintain confidence of the system"*(author unknown). In citing the Case Law the Petitioner reviewed the article and found several direct statements that were derogatory and untrue. I.e. *"fraudulent conduct where a dissatisfied litigant merely wishes to second guess his or her decision to settle due to speculation of a higher award……"*. Another assessment expressed by the determining Law clerk *"the ability of dissatisfied litigants to agree to a settlement then to filesuit against their Attorneys to recover additional monies….."*.An untrue statement made by the dissenting writer was the *"promise of employment assistance by Attorney Joseph Fineman for the client….."*. By this alleged premise it is stating that the injured party would deceive and falsify the Courts with inaccurate statements.

The Petitioner is bringing this to light regarding the fact that the Case Law would be cited in future Court actions. All aspects of testimony, written or oral, should be direct and truthfully presented void of all malice and derogatory remarks. When providing answers to question, asked by either side, generally the layperson has no understanding and knowledge of the impact of how it will be interpreted.The basic instructions given by the representing Attorney is *"listen to the question, respond honestly and don't add or ramble on"*. By a normal, coherent individual reading the Case Law it would give an indication of a "malice and vile" attitude to protect all defending parties (**EXHIBIT E**).

With progression of time, the Petitioner physical capabilities continued to decline. Regretfully, certain "triggers and actions" have caused physical and emotional limitations in performing daily activities. October 20, 2006 while employed with the City of Philadelphia a "tumultuous" situation had occurred. The Petitioner was terminated from his employment in a manner which caused additional pain and inability to function due to his physical and emotional disability. The Petitioner admitted himself into the Veterans Administration

hospital located at 3900 Woodland Ave, Phila PA. It was there the Petitioner was treated for physical and psychological trauma (**EXHIBIT F**).

Petitioner sought additional means to treat his condition. On his own, the Petitioner sought the medical services of Chiropractor Dr. David Goodman, DC located at Rising Sun and Cottman Ave Phila. PA. Treatment rendered by the doctor began on **December 16, 2009.** Due to the chronic, ongoing pain and immobility, I sought medical treatment on my own accord. Since I was not aware of the possibility of medical insurance covering my treatment I paid "out of pocket" with the office. The purpose of the treatment was for the damaged thoracic, lumbar and neuropathy area associated with the May 13, 1991 work related accident (**EXHIBIT G**).

Petitioner was admitted for surgery on October 19, 2019 at the Philadelphia Veterans Administration Hospital. The performing surgeon was Dr. Steven Phillop, MD. The purpose of the surgery was to alleve the chronic pain and discomfort in the lower area of the spine, L3, L4 & L5. The procedure performed on the Petitioner was two 3" incisions in the lower back. Four titanic pins were inserted, two on each side. The purpose was to "Fuse" the vertebrae for treatment of the herniated "bulging" discs. The operation enabled the surgeon to treat the neuropathy in the left leg down to the toes. Surgery enabled the Petitioner to physically improve his mobility and ability to function. This surgery was in direct correlation to the damaged area caused by the accident, May 13, 1991. Petitioner enclosed the discharge instructions and listing of medications related to the operation (**EXHIBIT H**).

# MEMORANDUM OF LAW

Plaintiff is presenting to the Court Case law, **Twombly v. Bell Atlantic Corporation, 425 F. 3d 99 (2005).** Plaintiff interpreted this case as an "antitrust action" to be determined by the Court. Even though this is an "unfair practice" lawsuit that was initiated by Plaintiff Twombly, it is relevant by this Petitioner. The applicable factor surrounds the construction of the Complaint (Motion). The Court issued a *Trial De Novo* regarding Twombly's Complaint. The Court rendered the Opinion that *"accepting true all facts alleged in the Complaint (Motion) and drawing all inferences in favor of the Plaintiff"*.

The Court also determined that a *"Complaint (Motion) should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief"*.

In **Brown v. Peoples Securities Insurance, 158 F.R.D. 350 (1994)** it was interpreted that the Plaintiff filed a Pro Se action setting forth claims based on breach of Contract, negligent or intentional infliction of emotional distress and loss of Consortium. The Defendant's moved to dismiss the claim. The District Court held that *"In light of the liberal pleadings standards, Plaintiff's Complaint (Motion) provided fair notice to defendant of nature and basis of the asserted claim and indication of the type of litigation involved"*. Court denied the defendant's Motion to dismiss.

Another Case law involved the aspect of a deceased Attorney who was part of a Law firm in regards to the issue of Malpractice insurance.**Mt Airy Insurance Co. vs. Angst & Assoc. P.C. Et Al, 954 F. Supp. 1040, United States Dist. Court, E.D.Pennsylvania.**The issuing Company stated that it was not aware of potential malpractice claims that were not presented at the time of issuing the policy. The District Court determined that *"the president's death (Attorney) did not mean the Pennsylvania Dead Man's Act barred the Plaintiff from introducing sworn statements of witnesses. And that evidence established that the president (Attorney) knowingly and in bad faith made misrepresentations and that the insurer relied on them"*. The Court granted the Motion for the Plaintiff.

# SUMMARY

On **May 13, 1991** the authorized vehicle operator of SEPTA transportation was involved in an accident. The collision involved an "18 wheeler commercial truck" to collide with the bus. The proper procedures relating to accident protocol were followed and the Plaintiff set out to recover from the injuries. The injuries were dramatic and entailed physical, psychological and emotional therapy for the Plaintiff.

The injuries were so traumatic that through the years continual rehabilitation was required for the Plaintiff. In an attempt of the Plaintiff to "go on with his life" his physical limitation continued to impede his ability for gainful employment. The Plaintiff willingly proceeded to "pay out of pocket" for Chiropractic therapy as a result of the disability. The timeframe for this therapy began**December 16, 2009**.

Plaintiff temporarily relocated to the Harrisburg PA area to attempt employment. In Dauphin County the Plaintiff was being treated at the community based VA clinic located at Camp Hill PA. The Veterans clinic was affiliated with the Lebanon Veterans Hospital in Lebanon PA. It was at this region that a private facility determined, that was previously known, that my bulging and herniated discs were incapacitating the Plaintiff's mobility to function. The area of injury was from the same initial impacted accident with SEPTA as an operator.

Upon returning to the Philadelphia region in **November 2017** I returned to the Philadelphia Veteran's hospital for treatment and routine health services. Through follow up procedures it was determined that I would be a viable candidate for "minimal evasive surgery". I was interviewed by the surgical team headed by Dr. Steven Phillop, MD and his surgical Nurse. I was scheduled for a pre-operative appointment on **October 19, 2019** and arrived for my procedure **October 21, 2019**. After a week or so of post-operative therapy and Occupational therapy I was released from the Veterans Hospital. The purpose of the surgery was to insert four "titanium" screws, two on each side" through two 3" incisions exposing my L3, L4 and L5 vertebrae. The surgery was necessary to relieve the acute pain, discomfort and immobility initiated by the **May 13, 1991** vehicle work related accident.

## RELIEF

Due to the work related motor vehicle accident the Plaintiff has endured a decreased ability to fulfill a productive and meaningful life. As a college educated layman I would assume a "step" up from the average person. Through the exhibits included in this Motion I attempted to establish a timeline and "cause" for the need for Court involvement. Regretfully, I was not aware at the initial time of the full ramifications of the Case. As time progressed I have been forced to "deal" with the issues surrounding my health.

I, as the Petitioner, am asking the Court mercifully to allow me to present my Case. I acknowledge the need for necessity for a "Legally trained" individual to correctly and properly represent myself to the Court. I will not require *In Forma Paupus* status for I have the means to monetarily obtain Counsel. In respect to the cited Case law, I recognize the requirement for a *"Certificate of Merit"* to be obtained by the Petitioner. With being the possibility of bring suit against an Estate I will obtain the services of a professional locating company.

Prior to the life changing experience I was leading a highly productive life. From the date of the accident it effected my ability to exceed my monetary wages at my employer, SEPTA. It effected my marriage and mental state which led to the eminite divorce. It effected my past ability to determine what type of employment I could physically and mentally perform. And definitely I was denied to participate in my occupation I attended College for, Physical Education Teacher on the secondary level with a minor in Health education. It has been determined that an individual with a College degree has the ability to earn up to $1,000,000.00 more than a non- college individual in their lifetime.

In the event that there are "deficiencies" in the Motion I Pray that the Court allow for correction in this matter by the Petitioner. Petitioner asks generously of the Court to allow ample time to properly obtain and serve the multiple possible defendants listed in the narrative. Petitioner request that the Court also allows any and all consideration justified in this Motion. Petitioner request, that if deemed by the Court, regarding State Law a partial Remand be determined to address the aspect of Workman's Compensation by the past employer, SEPTA Transportation Authority of Pennsylvania.

## VERIFICATION

I, _Winston Banks_ , Plaintiff/Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information knowledge, and belief.

I understand that the statements contained herein are subject to the penalties of 18 Pa. C.S.A.§ 4904 relating to unsworn falsification to authorities.

_Winston Banks_
(print name)

_[signature]_
(signature)

Date: _10/18/2021_

UNITED STATES DISTRICT COURT
FOR THE THIRD DISTRICT OF PENNSYLVANIA

Winston J. Banks, Pro Se
    Plaintiff

                               CIVIL ACTION

   VS.

                               NO._____

Jerome Taylor, Esq&Assoc (Deceased),
Joseph I. Fineman, Esq (Deceased), Howard A.
Taylor, Esq, Auclair Giles and Location DeVe-
Hicles Rockland, Inc. Southeastern Pennsyl-
Vania Transportation Authority (SEPTA).
            Defendant(s)

## CERTIFICATE OF SERVICE

The undersigned Petitioner hereby certifies that on _10/19/2021_, he caused to be served upon the following, or their agents, a true and correct copy of the foregoing Motion by professional locating service, CU CLEAR INVESTIGATION, 800 Corporate Drive Suite 301, Stafford VA 22554. Phone number 301-910-2792, with documented proof. Additional service was provided by the Office of the Federal Marshall, 601 Market St. Philadelphia PA 19107.

                                           _____

                                          Winston J. Banks, Pro Se
                                               Plaintiff
                              1720 E. Washington Lane
                              Philadelphia, PA 19138
                              267-595-5792



**Jenkins**
LAW LIBRARY

| DAILY PASS - $5

| General Public

ADMITS ONE

*This pass is valid only on date stamped*

1801 Market Street, 9th Floor
Philadelphia, PA 19103

**JENKINS**

MAR 15 2019

**LAW LIBRARY**

# 1286

JLL280



Exhibit E

JLL227



Jenkins
LAW LIBRARY

1801 Market Street, 9th Floor
Philadelphia, PA 19103

**DAILY PASS - $5**

**General Public**

ADMITS ONE

*This pass is valid only on date stamped*

JENKINS

SEP 08 2021

LAW LIBRARY

# ___13834___

JENKINS LAW LIBRARY
1801 MARKET ST #900.
PHILADELPHIA, PA 19103

09/08/2021                    12:32:09

DEBIT CARD

DEBIT SALE

Card #              XXXXXXXXXXXX1300
Network:                        PAVD
Chip Card:                  US DEBIT
AID:              A0000000980840
SEQ #:                              3
Batch #:                         1349
INVOICE                            3
Approval Code:              002820
Entry Method:            Chip Read
Mode:          Issuer - PIN Verified

SALE AMOUNT                   $5.00

CUSTOMER COPY

## Visitor

### Winston
### Banks

Jenkins Law

CheckIn: Wednesday 9/8/2021 0:29:9

9/8/2021 1:30:00 PM



-jjr-

EXHIBIT- A

**INCIDENT NO.:** 9105 30930

**POLICE ACCIDENT REPORT**

**ACCIDENT DATE:** 05-13-91

### 64. USE OVERLAY SHEET 2 TO COMPLETE BLOCKS O THROUGH X

| | | O | P | Q | R | S | T | U | V | W | X |
|---|---|---|---|---|---|---|---|---|---|---|---|
| UNIT 1 | | 1 | 74 | 6 | 5 | 2 | 1 | 0 | 99 | 3 | 00 |
| UNIT 2 | | 1 | 32 | 8 | - | 10 | 6 | 0 | 0 | 3 | 00 |

### 65. HAZARDOUS MATERIALS PLACARD NUMBERS

UNIT 1 _____

UNIT 2 _____

### 69. DIAGRAM

SKID MARK 175'

50'

CITY LINE AVE. ←

D

ALLANDALE ROAD

### 66. ILLUMINATION

1 - DAWN
2 - DAYLIGHT
3 - DARK (STREET LIGHTS)
4 - DARK (NO LIGHTS)
5 - DUSK

**[ 2 ]**

### 67. WEATHER

0 - NO ADVERSE COND
1 - RAINING
2 - SLEET, HAIL, FREEZING RAIN
3 - SNOWING
4 - FOG, SMOKE, ETC.
5 - RAINING AND FOGGY
6 - OTHER - DESCRIBE IN NARRATIVE

**[ 0 ]**

### 68. ROAD SURFACE

1 - DRY
2 - WET
3 - MUDDY
4 - SNOW COVERED
5 - ICE COVERED
6 - PLOWED
7 - SALTED/CINDERED
8 - ICE PATCHES

**[ 1 ]**

**70. PENNSYLVANIA SCHOOL DISTRICT (IF INVOLVED)** N/A.

### 71. NARRATIVE

UNIT #1 TRAVELING SOUTH ON CITY LINE AVE. IN THE CURB LANE STRUCK UNIT #2, WHICH WAS STOPPED AT THE BUS STOP IN THE SOUTHBOUND CURB LANE OF CITY LINE AVE. AT ALLANDALE RD. UNIT #1'S LEFT REAR TANDEM (FRONT WHEEL) LEFT 175 FEET OF SKID MARKS ON THE ROADWAY.

OPERATOR #1 STATED HE WAS TRAVELING AT APPROX. 35 MPH TRAVELING SOUTH ON CITY LINE AVE. IN THE CURB LANE, WHEN HE OBSERVED THAT UNIT #2 WAS STOPPED IN FRONT OF HIM. HE APPLIED HIS BRAKES, BUT WAS UNABLE TO STOP IN TIME AND STRUCK UNIT #2 IN THE REAR.

OPERATOR #2 STATED THAT HE STOPPED AT THE BUS STOP IN THE SOUTHBOUND CURB LANE OF CITY LINE AVE. AT ALLANDALE RD. TO PICK UP A PASSENGER, WHEN HE WAS STRUCK FROM BEHIND BY UNIT #1.

PASSENGER, ALICE CONNOR, WAS BOARDING THE BUS AND HAD NOT BEEN SEATED WHEN BUS, UNIT #2, WAS STRUCK.

UNIT #1'S SPEEDOMETER RECORDER LISTED UNIT #1'S SPEED AT 60 Km (37.5 MPH).

OPERATOR #1 IS AT FAULT IN THIS ACCIDENT FOR OPERATING HIS VEHICLE AT A SPEED TOO FAST TO STOP IN AN ASSURED CLEAR DISTANCE AHEAD.

**72. WITNESS NAME** NONE

**72. WITNESS NAME**

| | 73. DESCRIBE VIOLATIONS | 74. SECTION NUMBERS (ONLY IF CHARGED) | 75. CITATION REPORT NO.(S) |
|---|---|---|---|
| UNIT 1 | DRIVING AT UNSAFE SPEEDS | PA. VC. 3361 | 3097899 |
| UNIT 2 | | | |

| USE CODES ON OVERLAY SHEET FOR BLOCKS 77 — 79 | | 76. NAME | 77. PROBABLE USE | 78. TYPE TEST | 79. RESULTS | 80. INVESTIGATION COMPLETE? |
|---|---|---|---|---|---|---|
| | UNIT 1 | | | | 0. ___ ___ % | YES. |
| | UNIT 2 | | | | 0. ___ ___ % | |

Exhibit-A

# EXHIBIT- B

LIBC-471 (REV. 10-87)      COMMONWEALTH OF PENNSYLVANIA
                          DEPARTMENT OF LABOR AND INDUSTRY
                          BUREAU OF WORKERS' COMPENSATION
                    1171 South Cameron Street, Room 103
                       Harrisburg, PA 17104-2501        (215)560-2488


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

CLAIM
                                              09/14/93
PHILADELPHIA COUNTY                       DATE OF CIRCULATION


WINSTON  BANKS
1720 E WASHINGTON LANE
PHILADELPHIA PA  19138


vs

SOUTHEASTERN PENNA TRANS AUTH      THE ATTACHED DECISION OF THE REFEREE
(SEPTA) SBRN TRANSIT DIV           IS FINAL UNLESS AN APPEAL IS TAKEN TO
69TH STREET TERMINAL               THE WORKMEN'S COMPENSATION APPEAL
UPPER DARBY PA  19082              BOARD AS PROVIDED BY LAW.

                                   IF YOU DO NOT AGREE WITH THIS DECISION,
S-I SEPTA                          AN APPEAL MUST BE FILED WITH THE WORK-
WRKERS COMP DEPT                   MEN'S COMPENSATION APPEAL BOARD WITHIN
841 CHESTNUT ST                    20 DAYS OF THE DATE OF THIS NOTICE.
PHILADELPHIA PA  19107
                                   FORMS FOR AN APPEAL MAY BE OBTAINED
                                   FROM THE WORKMEN'S COMPENSATION APPEAL
ROBERT  HUBER, ESQ.                BOARD, 1171 SOUTH CAMERON STREET,
4707 FRANKFORD AVE                 ROOM 305, HARRISBURG, PA 17104-2511
PHILADELPHIA PA  19124


THOMAS  MCDEVITT, ESQ.
SUITE 2209
1616 WALNUT STREET
PHILADELPHIA PA  19103


REFEREE NANCY  GOODWIN

sp

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
1171 SOUTH CAMERON STREET, ROOM 103
HARRISBURG, PA 17104-2501
REFEREE'S DECISION

WINSTON   BANKS
1720 E WASHINGTON LANE
PHILADELPHIA PA   19138

Social Sec. #: 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
Appeal Number:
Injury Date: 12/18/91

vs.

| Petition | Date Filed | Ref. Action |
|---|---|---|
| CLAIM | 08/25/92 | DR |

SOUTHEASTERN PENNA TRANS AUTH
(SEPTA) SBRN TRANSIT DIV
69TH STREET TERMINAL
UPPER DARBY PA   19082

and

S-I SEPTA
WRKERS COMP DEPT
841 CHESTNUT ST
PHILADELPHIA PA   19107


NANCY   GOODWIN, REFEREE
15TH FL STATE OFFICE BLDG
1400 SPRING GARDEN STREET
PHILADELPHIA PA   19130


COUNSEL FOR CLAIMANT:
        ROBERT   HUBER, ESQ.
        4707 FRANKFORD AVE
        PHILADELPHIA PA   19124


COUNSEL FOR DEFENDANT:
        THOMAS   MCDEVITT, ESQ.
        SUITE 2209
        1616 WALNUT STREET
        PHILADELPHIA PA   19103


        Date Assigned:   09/09/92
        Decision Date:   09/14/93

WINSTON BANKS
SSN  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
PAGE 2

## ORDER

**AND NOW,** this 2nd day of September, 1993, the Judge adopts the Stipulation entered into by the parties on or about August 23, 1993 a copy of which is attached, **GRANTS** this Claim Petition in accordance with the terms of the Stipulation, and **DIRECTS** the Defendant to make payment pursuant to the terms of the Stipulation. Claimant's counsel fee set forth in the Stipulation is approved.

_____
NANCY M. GOODWIN, JUDGE

/mf

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
HARRISBURG, PENNSYLVANIA 17111

WINSTON BANKS,                    :        No:    182-48-4

    Claimant                       :

SEPTA,                             :

    Defendant                      :

*Attach to Order*

### STIPULATION OF FACTS

Claimant, Winston J. Banks, by and through his attorney Robert A. Huber, Esquire, and Defendant, SEPTA, by and through its attorney Lawrence Doherty, Esquire, do hereby Stipulate to the following facts in resolution of the Claimant's Worker's Compensation Reinstatement Petition, as follows:

1. On May 13, 1991, Claimant, Winston Banks, was employed by the Southeastern Pennsylvania Transportation Authority (herein after "SEPTA") as a bus operator when he sustained injuries to his neck, upper back, and lower back as a result of his bus being rear ended by a tractor trailer on City Line Avenue in Philadelphia, PA and in the course and scope of his employment with SEPTA.

2. Defendant SEPTA accepted liability for the injuries of May 13, 1991, and paid temporary total disability benefits at the rate of $436.00, based upon an average weekly wage of $977.51.

3. The parties executed a Supplemental Agreement on December 2, 1991, whereby total disability benefits were

-1-

suspended, and claimant returned to full-duty operating a bus with no loss of earning power.

4.   On December 18, 1991, claimant suffered a reoccurrence of his injuries of May 13, 1991 and suffered total disability during the following periods:

    (a)   December 19, 1991 through January 15, 1992

    (b)   March 29, 1992 through September 8, 1992

    (c)   February 1, 1993 to the present and continuing.

5.   Claimant's reoccurrence resulted in the following work-related conditions; (1) cervical, dorsal and lumbar strain and sprain with left leg radiculopathy evidenced by EMG, (2) disc bulge at L3-4.   Claimant continues in treatment for these conditions.

6.   Claimant incurred reasonable and necessary medical expenses in the treatment of his work-related injuries. Outstanding bills are payable to the following providers in the amounts here specified, with 20% going to claimant's attorney, out of the providers' share, as agreed between the claimant and the providers.

| Medical Provider | Amount |
| --- | --- |
| Dr. Barry Marks, D.O. | $1,980.00 |
| Philadelphia Orthopedic Group | $ 539.25 |
| Cecil Harris, D.O. | $2,150.00 |
| Allen U. Glazer, M.D. | $ 900.00 |
| Old York Road Diagnostics | $5,372.50 |
| Central Branch YMCA | $ 267.48 |

Pain Management Rehab Center                    $2,555.00

7. Claimant received psychological counseling in conjunction with his treatment for his work-related injuries, and thereby he learned to cope with stress. Claimant suffered no work-related emotional or psychological injury. However, defendant agrees to pay bills for psychological services rendered to the date of this Stipulation.

8. Claimant's counsel has incurred the below reasonable litigation expenses in connection with his workers' compensation case:

| | | |
|---|---|---|
| a. | Dr. Barry Marks (expert testimony fee) | $500.00 |
| b. | Copy of Deposition transcript for Dr. Ramesh Parchuri, M.D. | $173.18 |
| c. | Copy of Claimant's Depo. Transcript | $268.90 |
| d. | 2/11/93 Notes of Testimony | $ 27.25 |
| e. | Copy of Deposition Transcript of Barry Marks, D.O. | $453.40 |

9. Defendant paid sick benefits to claimant during the periods of work related disability, amounting to $2,886.40. Defendant is entitled to a credit in this amount.

10. Claimant freely entered into a fee agreement with his attorney, Robert A. Huber, Esquire, for twenty percent (20%) of compensation awarded by the Referee. Attached hereto as Exhibit "A" is a copy of said Contingency Fee Agreement.

11. Claimant waives his right to assert unreasonable

-3-

contest in connection with this Reinstatement Petition.

12.    Claimant is entitled to ten percent (10%) legal interest on all compensation past due.

13.    Claimant has read, understood, and agreed to this Stipulation of Facts and agrees to be bound by it.

8/23/93
Date
Winston J. Banks, Claimant

8/23/93
Date
Robert A. Huber, Esq., Attorney for Claimant

8-30-93
Date
Lawrence Doherty, Esq., Attorney for Defendant

-4-

Exhibit B

# EXHIBIT- C

# STATEMENT OF CONTINUED DISABILITY

**Prudential**

The Prudential Insurance Company of America
☐ Pruco Life Insurance Company°
☐ Pruco Life Insurance Company of New Jersey°
 °A subsidiary of
 The Prudential Service Company of America

Insured: Winston J Banks
Policy #: R1186889
Claim #:

---

**Instructions:**
To establish your continued eligibility for disability benefits, we must ask for current information about your health. Please arrange for the prompt completion of the sections indicated below and return the statement in the envelope provided.

☐ Your Statement of Disability - Complete only this side of the form
☒ Your Statement and Attending Physician's Statement - Complete this side of the form and have the doctor who attends you complete the reverse side.

---

**Notice to all parties completing this form:** It is fraudulent to fill out this form with information you know to be false or to omit important facts. Criminal and/or civil penalties can result from such acts.

---

## YOUR STATEMENT

1. Are you under the continuing care of a doctor?    ☐ yes   ☒ no
    Doctor's name _Dr. Srinivas - A - Bhumi_
    address _612 E. Washington Ave_
    _Phila. Pa. 19147_

2. Currently, what limitations do you have that prevent you from returning to employment? _Phone returns to the workforce, but not with the same Company in which injury occured._

3. What are your current daily activities? _Sedatary_

4. Do you have any help performing household duties?    ☒ yes   ☐ no
    If yes, describe _My daughter and Companion do all cleaning and manual duties_

5. Have you been able to work for pay at all since you became disabled?
    FULL TIME ☒ yes  ☐ no          PART TIME ☐ yes   ☐ no
    If yes, name of employer _Family Court_            telephone # _215-686-4167_
    address _1801 Vine St. Phila. Pa. 19104_
    Dates worked: From _24 Jan 2000_ To _Current_  Number of days worked each week _5_
    Number of hours worked each day _4-8 Varies in the Court Room_

6. Are you: house confined? ☐ yes ☒ no   hospital confined? ☐ yes ☒ no   wheelchair confined? ☐ yes ☒ no

7. Do you anticipate returning to work in the near future? ☒ yes ☐ no   If so, when? _1/29/2001_

8. Are you receiving: Social Security Disability? ☐ yes ☒ no   Workmen's Compensation? ☐ yes ☒ no

---

Insured's (or guardian's) signature _Winston J. Banks_          Date _6-8-01_

No.   Street _P.O. Box 13417 Phila. Pa. 19101_   City/State/Zip   Day Phone # _215-714-3124_

---

COMB 24049   Ed 2-98

**ATTENDING PHYSICIAN'S STATEMENT OF CONTINUED DISABILITY**

Name of Patient    Winston J Banks

**1. DIAGNOSIS**
a) Diagnosis (including any complications) _(1) Chronic Lumbosacral & Sacroiliac S/S._ _(2) Bulging disc at L3-4 level_
b) Subjective Symptoms _Low back pain w/ periodic exacerbation_
c) Objective findings (including current X-rays, EKGs, lab results, and any clinical findings) _Tenderness in Lumbosacral paraspinal muscles w/limited Range of motion especially flexion and extension._

**2. DATES OF TREATMENT**
a) Date of last visit _12/10/99_    _Patient is not being seen by me on a regular basis since then_
b) Frequency    ☐ weekly    ☐ monthly    ☐ other (specify) _____

**3. NATURE OF TREATMENT** (including type and date of surgery and medications prescribed, if any)
_Home Therapy program; Aquatic Therapy, Medications, Ibuprofen as needed_

**4. CARDIAC** (if applicable)    _Not applicable_
Functional capacity (American Heart Ass'n.)    Blood pressure (Last visit)

☐ Class 1 (No limitation)    ☐ Class 3 (Marked limitation)
☐ Class 2 (Slight limitation)    ☐ Class 4 (Complete limitation)

**5. PROGNOSIS**

| | Patient's Job | Any other work |
|---|---|---|
| a) Is patient now totally disabled? | ☑ yes  ☐ no | ☐ yes  ☑ no |

b) If not now totally disabled, when was patient able to resume work?
Patient's Job: Full Time ___/___/___   Part Time ___/___/___
Any other work: Full Time _1_/_24_/_2000_   Part Time ___/___/___

c) Has the patient's condition: ☐ Improved,  ☑ Stabilized,  ☐ Retrogressed?   _presently working as "Tip staff" in the office of a Judge._

d) What limitations/restrictions does the patient currently have? _____

e) Do you expect a fundamental or marked change in the future?    ☐ yes    ☑ no

(1) If yes, when do you think patient will recover sufficiently to perform duties?
Patient's Job: Full Time ___/___/___   Part Time ___/___/___
Any other work: Full Time ___/___/___   Part Time ___/___/___   _Patient is working now as stated above_

(2) If no, please explain _Low back pain is chronic in nature and is unlikely to resolve_

f) Is the patient a suitable candidate for a rehabilitation program? ☐ yes   ☐ no   _Not applicable. Patient is working at present_

**REMARKS** _Mr Winston Banks is no longer under my care. He took up a job as "Tip staff" in January 2000_

| Name (Attending Physician)/Please Print | Degree/Specialty | Phone # |
|---|---|---|
| SRINIVAS A. BHUMI, MD | MD | (215) 599-8300 |

| No.    Street | City | State | Zip |
|---|---|---|---|
| 612 E. WASHINGTON AVE UPPER LEVEL SUITE 18-A | PHILA | PA. | 19147 |

| Signature | Date |
|---|---|
| JSABhumi | JUNE 6 2001 |

**TO THE ATTENDING PHYSICIAN:** If the reverse of this form has been completed by the patient, you may, if you wish, send the form directly to the Prudential Address shown below. The Insured is responsible for completion of this form without the expense to the Company.

Send completed form to:    The Prudential Insurance Company of America
P.O. Box 13902
Philadelphia, PA 19101-7390

# Prudential

CLAIMS & RECORDS DIV.
P. O. BOX 388
FORT WASHINGTON PA 19034
(215) 784-8248
Insured: WINSTON J BANKS
Policy Number: R1 186 889

April 13, 1998

WINSTON J BANKS
P.O. BOX 13417
PHILADELPHIA PA 19101

Dear WINSTON J BANKS,

We have been waiving premiums on your life insurance policy.  Recently, we sent you a form to help us determine your continued eligibility for the Waiver of Premium Benefit.  However, we have not yet received a completed form.  Please assist us by completing the form below.

---

**Notice to all parties completing this form:  It is fraudulent to fill out this form with information you know to be false or omit important facts.  Criminal and/or civil penalties can result from such acts.**

---

## YOUR STATEMENT

1. Are you now under the continuing care of a doctor?  ☑ Yes  ☐ No
   Doctor's name  DR KENNETH IZOO
   Address  PAIN MANAGEMENT CENTER 1811 (Flourtown Center) Bethlehem Pike
   Flourtown, PA

2. Currently, what limitations do you have that prevent you from returning to employment?
   SPASM AND NUMBNESS RADIATING FROM MY LOWER BACK (L3, L4 + L5) DOWN BOTH LEGS, PAIN AND STIFFNESS IN MY UPPER BACK, LIMITED RANGE OF MOTION, LIMITED PERIOD OF STANDING AND WALKING, ACUTE PAIN + STIFFNESS IN MY NECK.

3. What are your current daily activities? CHURCH ON SUNDAYS, OCCASIONAL WEDNESDAY NIGHT CHURCH, THERAPY 1-2 WEEK, (beginning CHIRAPRACTIC THERAPY ONCE A WEEK) OCCASIONAL TRIP DOWNTOWN, T.V. LIMITED WALKING, WATCH MY DAUGHTER, BIBLE READING

4. Do you have any help performing household duties?    ☑ Yes  ☐ No
   If yes, please describe I CANNOT STAND IN ONE PLACE FOR PROLONG PERIOD OF TIME I CAN ONLY LIFT A FEW POUNDS CONSISTANTLY BEFORE PAIN / DISCOMFORT OCCURS

F 89700 TH

ORD 83691  ED. 8-88 (AOS)

5. Have you been able to work for pay at all since you became disabled?
   Full time          ☐ Yes  ☑ No                    Part time    ☐ Yes  ☑ No
   If yes, name of employer _____ N/A _____ Phone ___ N/A ___

   Address _____

   Dates worked: From ___ N/A ___ to ___ N/A ___

   Number of hours worked each day ___ N/A ___

6. Are you confined to: A house? ☐ Yes ☑ No    A hospital? ☐ Yes ☑ No    A wheelchair? ☐ Yes ☑ No

7. Do you anticipate returning to work in the near future? ☐ Yes ☑ No    If so, when? ___/___/___

8. Have you applied for Social Security Disability? ☑ Yes ☐ No    If yes, what is the status? If no, please explain.

   Denied, Currently on Appeal status

9. If your illness/injury is employment-related, what is the current status of your workers' compensation claim?

   There was a hearing 17 July 98, Robert Huber, Esq 4707 Frankford Ave
   Phila- Pa. 19124 - 535-200

   Insured's (or guardian's) signature _____[signature]_____    Date 8/29/98

   No. _____ Street    City/State/Zip    Daytime phone
   P.O. Box 13417    Phila. Pa. 19101    215-288-3619

## AUTHORIZATION TO RELEASE INFORMATION

I authorize the doctor completing the Attending Physician's Statement to release any information acquired from my examination or treatment. This information may be used by Prudential or its subsidiaries to determine that this claim is valid and what amount is owed. The authorization may be used for no longer than the duration of the claim or one year after the date I sign it. (persons who sign this form may have a copy of this authorization upon written request.)

Signature _____[signature]_____    Date 8/29/98

## ATTENDING PHYSICIAN'S STATEMENT OF CONTINUED DISABILITY

**Name of Patient**    WINSTON J BANKS                     **Policy Number:**    R1 186 889

### 1. DIAGNOSIS

a) DIAGNOSIS (including any complications)    (1) Chronic Lumbosacral & Sacroiliac sprain & strain

(2) L5 Radiculopathy, Bilaterally. (3) Bulging disc L3-4

b) Subjective symptoms    Persisting pain in the lower back with radiation into lower limbs

c) Objective findings (including current X-rays, EKGs, lab results, and any clinical findings

MRI showed Bulging disc at L3-4 level. EMG showed L5 Radiculopathy Bilaterally.

### 2. DATES OF TREATMENT

a) Date of last visit    9 / 11 / 98

b) Frequency    ☒ Weekly  ☐ Monthly  ☐ Other (specify) _____
                 1-2 /week

### 3. NATURE OF TREATMENT (including type and date of surgery and medications prescribed, if any)

Moist Heat, Ultrasound, TENS.
Therapeutic exercises; Bicycle, Treadmill

### 4. Cardiac (if applicable)

Functional capacity (American Heart Association)                Blood Pressure (last visit)

☐ Class 1 (no limitation)     ☐ Class 3 (marked limitation)
☐ Class 2 (slight limitation) ☐ Class 4 (complete limitation)

### 5. PROGNOSIS

| | **Patient's Job** | **Any other work** |
|---|---|---|
| a) Is patient now totally disabled? | ☒ Yes ☐ No | ☒ Yes ☐ No |
| b) If not now totally disabled, when was patient | Full time ___/___/___ | Full time ___/___/___ |
| able to resume work? | Part time ___/___/___ | Part time ___/___/___ |

c) Has the patient's condition:    ☐ Improved?    ☐ Stabilized?    ☐ Retrogressed?    Become Chronic

d) What limitations prevent this patient from returning to: His or her previous occupation?    Constant pain
with radiation into lower extremities _____ Any gainful employment? _____
with periodic exacerbations & remissions

e) Do you expect a fundamental or marked change in the future?    ☐ Yes  ☒ No

| (1) If yes, when do you think patient will recover | **Patient's Job** | **Any other work** |
|---|---|---|
| sufficiently to perform duties? | ☐ Yes ☐ No | ☐ Yes ☐ No |
| | Full time ___/___/___ | Full time ___/___/___ |
| | Part time ___/___/___ | Part time ___/___/___ |

(2) If no, please explain _____

f) Is the patient a suitable candidate for a rehabilitation program?    ☒ Yes ☐ No

Name (Attending Physician) Please Print    SRINIVAS  A-BHUMS  MD    Phone
(215) 233-1223

No.    Street    *PAIN MANAGEMENT & REHABILITATION CENTER*    City    FLOURTOWN    State    PA    Zip    19031
1811 Bethlehem Pike, Suite 221,

Signature    Sabhiew    Date    SEP 15 1998

**TO THE ATTENDING PHYSICIAN:** Please send the form directly to the Prudential Address shown below.  The insured
responsible for covering any costs related to the completion of this form.

Send completed form to:    **CLAIMS & RECORDS DIV.**
**P. O. BOX 388**
**FORT WASHINGTON PA 19034**
**(215) 784-8248**



Exhibit - C

**Prudential**

The Prudential Insurance Company of America
Customer Service Office
P. O. Box 7390
Philadelphia, PA 19101-8945

Joanne McAfee
Disability Claim Approver

March 16, 2001

WINSTON J BANKS
PO BOX 13417
PHILADELPHIA PA   19101

Insured:  Winston J Banks

Policy #: R1 186 889

Dear Ms. Banks:

Enclosed is the Continuance of Disability form that you recently requested.

Please complete the Claimant's Statement and have your Attending Physician complete his portion based on a current examination.  A return envelope is enclosed for your convenience.

When we receive this information, we will consider your claim for continued Waiver of Premium benefits.  If you have any questions, you can call us collect at 215-784-3626.

Sincerely,

Joanne McAfee
Disability Claim Approver

cc: CAO,JATL

Enclosure

Corporate Office: 751 Broad Street, Newark, NJ  07102-3777

 **Prudential**

## AUTHORIZATION TO RELEASE INFORMATION

To all physicians, hospitals, clinics, dispensaries, sanatariums, druggists, employers and all other agencies, organizations or insurance companies: I agree that Prudential, its subsidiaries, its representatives, may get or see a copy of any records or data which have to do with the physical or mental health and employment of _____

Name of Insured

This information may be used by Prudential or its subsidiaries to determine that this claim is valid and the amount owed.

The authorization will remain valid while the claim is pending, but not more than one year and may be revoked by giving written notice to Prudential. If the authorization is revoked or not signed, Prudential may not be able to complete the claim process and may deny benefits. A copy of this form is as valid as the original and a copy may be received upon request.

Date _6-8-01_____          Signed _____

This should be signed by the Insured, if possible.
If someone other than the Insured signs, please state
the relationship to insured and address.

Witness _____          _____

Relationship          Address

# EXHIBIT-D

LAW OFFICES

*Jerome Taylor*

JOSEPH I. FINEMAN
HOWARD A. TAYLOR
JONATHAN S. CORCHNOY
RICHARD L. NEWMAN*
STEVEN N. WHITE*

———————
*ALSO NJ BAR

SUITE 1616
ONE EAST PENN SQUARE
MARKET AND JUNIPER STREETS
PHILADELPHIA, PA 19107-2782
(215) LO 3-1591
FAX #: (215) 563-1912

———————
326 CHERRYWOOD DRIVE
LAUREL SPRINGS, NJ 08021
(609) 783-7700

Phila.
PLEASE REPLY TO:

August 26, 1994

Mr. Winston Banks
1720 East Washington Lane
Phila., PA   19138

RE:   Winston Banks v. Auclair Gilles and Location Devehicules
      Rockland, Inc., In the U.S. District Court, Eastern District
      of PA.   Civil Action No. 93-1917
      Our File No.: 12555G

Dear Mr. Banks:

Needless to say, I was very surprised and disappointed that you
saw fit to leave my office on the pretense of going to the men's
room.   You failed to return after you indicated to us and we
perceived your total satisfaction with an excellent result that
we obtained for you.   This perplexes us as you were made fully
aware of the Judge's recommendation.  However, we will still have
full respect for you and your decision.   In the event you desire
not to accept the settlement we are prepared to try the case in
Reading and will give it our maximum effort naturally.

When you did not return I was compelled to notify the other
lawyer as to what transpired and also to notify the Court.   After
doing so, I received the enclosed Order signed by Judge Troutman
requesting our presence with you and the defendants with their
counsel at said meeting. This is in the Federal Court and they
are very strict on attendance in matters of this nature.   Please
note the legend at the bottom: "Failure to comply with the terms
of this Order may result in the imposition of appropriate
sanctions."  This could mean dismissal of your case so I know
that you will contact me so that we can make arrangement to avoid
this and be present in Reading on Friday, September 2, at 10:00
a.m.

Winston, I thought we had an excellent relationship and if there
is anything on your mind, please do not hesitate to call me and
we will strictly adhere to your desires.   Communication and
contact is essential and I await your call in my office Monday



Winston Banks
August 26, 1994
Page -2-

morning so that we can get together and make every attempt to
comply with your wishes including trial of the case before a jury
in Reading, if you so desire.

I am sending this letter to you by certified mail as it is
totally urgent, and I am required to so do to avoid any penalties
or dismissal.

Very truly yours,

JOSEPH I. FINEMAN                         JEROME TAYLOR
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Enclosure (Court Order)

Case 2:21-cv-04644-WB    Document 2    Filed 10/13/21    Page 46 of 79

**LAW OFFICE**
SUITE 1616
ONE EAST PENN SQUARE BLDG.
MARKET & JUNIPER STREETS
PHILADELPHIA, PA  19107-2782

**CERTIFIED**

Z 712 063 593

**MAIL**








RMM
P-27-94

CERTIFIED MAIL
RETURN RECEIPT
REQUESTED

Mr. Winston Banks
1720 East Washington Lane
Phila., PA   19138

Exhibit ~D



28 Aug 94

Joe

I apologize for leaving like I did on Friday. It was not because I was mad, but I felt that I was being pressured and I had to think. Even if you would have given me a few hours to hash it over I would have been more at ease. In conclusion here is my position:

1. I don't have a job. You know I want to work and it has to be at Septa because of my medical situation.

2. My debts alone are approximately $70,000.

3. My daughter must have an endowment for education and child support.

4. My wife will automatically get at least 1/3 of my award because of the lion.

5. Because of my failed business it could take at least 20-30% of the award to get it going due to salaries, inventory, buildings etc.

6. When I do return to work I won't be able to

hustle as I did as an operator because of my injury and my re-classification

7. At my highest earnings I made 44,300.00 at 85% of the maximum wage. Presently I will make 17,877.° with workmen's comp. Even if I figured it out to a straight salary of 23,777.²¹ over the course of ten years (500 wks) the difference would be — $205,823.²⁰ that's just in lost wages.

Because of these reasons we have to reconsider the offer I am ready to wait years to get what is needed for me and my daughter.

# EXHIBIT- E

*Ronald M. Joseph*
ATTORNEY AT LAW
3319 CHERRY STREET
(REAR OFFICE)
PHILADELPHIA, PENNSYLVANIA 19106

———

(215) 222-9343 (OFFICE)
(215) 919-4932 (MOBILE PHONE)
(215) 222-7528 (FAX)

September 18, 1995

Winston Banks
1720 E. Washington Lane
Philadelphia, PA

Re: Pro Se Complaint
Winston Banks v. Jerome Taylor, et al.

On this date, I received $100.00 from Winston Banks in connection with litigation

services performed in the above-mentioned matter.

Very truly yours,

Ronald M. Joseph

✦ Positive
As of: March 15, 2019 4:59 PM Z

# *Banks v. Jerome Taylor & Assocs.*

Superior Court of Pennsylvania

July 28, 1997, Submitted ; September 30, 1997, Filed

No. 00346 Philadelphia 1997

**Reporter**

700 A.2d 1329 *; 1997 Pa. Super. LEXIS 3236 **

WINSTON J. BANKS, Appellant vs JEROME TAYLOR & ASSOCIATES & JOSEPH FINEMAN, ESQUIRE

**Subsequent History: [**1]** Petition for Allowance of Appeal Denied March 16, 1998, Reported at: *1998 Pa. LEXIS 432*. As corrected November 25, 1997.

**Prior History:** Appeal from the Order entered December 5, 1996 docketed December 12, 1996 in the Court of Common Pleas of Philadelphia County, Civil Division No. 9412-2656. Before MANFREDI, J.

**Disposition:** Affirmed.

## Core Terms

settlement, settlement agreement, malpractice, promised, summary judgment, attorney's, induce, fraudulently induce, divorce decree, trial court, misrepresentation, fraudulent, alimony, settle, cases

## Case Summary

### Procedural Posture

Appellant client sought review of a judgment of the Court of Common Pleas of Philadelphia County (Pennsylvania), which granted summary judgment in favor of appellees, law firm and attorney, in appellant's action to recover for legal malpractice in an underlying action.

### Overview

Appellant client filed an action for legal malpractice against appellees, law firm and attorney. Appellee attorney allegedly promised appellant he would receive a new position of employment with his former employer and a settlement check one-week after the settlement agreement was executed. The trial court granted summary judgment in favor of appellees, and appellant sought review. The court affirmed and held that the trial

court properly granted summary judgment on appellant's claim sounding in negligence. The court found that the essence of appellant's claim was that he was dissatisfied with the amount of his settlement and vented his frustration by filing a legal malpractice claim. The court held that to receive relief, appellant was required to prove that appellee attorney fraudulently induced him to accept the settlement agreement. However, the court held that appellant could not clearly demonstrate the five elements of fraudulent inducement. Finally, appellant could not have justifiably relied on a promise to secure employment because he admitted that appellee attorney only agreed to help him obtain employment.

### Outcome

The court affirmed and held that appellant client was not fraudulently induced into signing the settlement agreement by appellees, law firm and attorney. Further, the court held that even if appellant was promised employment, he could not have justifiably relied on this promise. Finally, the court held that there was no evidence presented to support appellant's contention that he was promised the settlement check within one week of settling.

## LexisNexis® Headnotes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > Appeals > Summary Judgment Review > General Overview

*HN1*[↧] **Summary Judgment, Entitlement as Matter of Law**

700 A.2d 1329, *1329; 1997 Pa. Super. LEXIS 3236, **1

In reviewing an order granting a motion for summary judgment, the appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

Civil Procedure > Judgments > Summary Judgment > General Overview

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

Civil Procedure > ... > Summary Judgment > Supporting Materials > Discovery Materials

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

HN2[⬇] **Entitlement as Matter of Law, Appropriateness**

The court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the nonmoving party. Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law.

Business & Corporate Compliance > ... > Contracts Law > Types of Contracts > Settlement Agreements

Civil Procedure > Settlements > Settlement Agreements > General Overview

Torts > Procedural Matters > Settlements > General Overview

Legal Ethics > Client Relations > Duties to Client > Effective Representation

Torts > Malpractice & Professional Liability > Attorneys

HN3[⬇] **Types of Contracts, Settlement Agreements**

In cases wherein a dissatisfied litigant merely wishes to second guess his or her decision to settle due to speculation that he or she may have been able to secure a larger amount of money the litigant is barred from suing his counsel for negligence. If, however, a settlement agreement is legally deficient or if an attorney fails to explain the effect of a legal document, the client may seek redress from counsel by filing a malpractice action sounding in negligence.

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > General Overview

HN4[⬇] **Defenses, Demurrers & Objections, Affirmative Defenses**

Fraudulent conduct is defined as a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it to the damage of the victim. A person asserting fraud, therefore, must establish: (1) a misrepresentation, (2) scienter on behalf of the misrepresenter, (3) an intention by the maker that

the recipient will be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient.

**Counsel:** Ronald M. Joseph, Philadelphia, for appellant.

Jeffrey Albert, Philadelphia, for appellees.

**Judges:** BEFORE: CIRILLO, P.J.E., and FORD ELLIOTT and HESTER, JJ. OPINION BY CIRILLO, P.J.E.

**Opinion by:** CIRILLO

## Opinion

Filed September 30, 1997

[*1330] OPINION BY CIRILLO, P.J.E.:

Winston J. Banks appeals from the order entered in the Court of Common Pleas of Philadelphia County granting appellees', Jerome Taylor & Associates and Joseph Fineman, Esquire (defendants below), motion for summary judgment. See *Pa.R.A.P. 341*; *Pa.R.C.P. 227.1*, note. We affirm.

HN1[⬆] In reviewing an order granting a motion for summary judgment, an appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Merriweather v. Philadelphia Newspapers, Inc., 453 Pa. Super. 464, 684 A.2d 137 (1996)* (citation omitted). See generally *Pa.R.C.P. 1035.2*, 42 Pa.C.S.A.

In conformance with the above standard, the facts read in a light most favorable to the non-moving party are as follows: Banks retained Joseph Fineman, a member of the firm Jerome Taylor & Associates (the Taylor firm), [**2] to represent him in a personal injury lawsuit arising out of a motor vehicle accident. Mr. Fineman subsequently filed suit in the Eastern District of Pennsylvania against the driver and the driver's insurance company. Two settlement conferences were held before the Honorable E. Mac Troutman. At the first conference, Banks rejected an offer of $ 90,000.00, but at a subsequent conference Banks agreed to accept a settlement offer of $ 95,000.00. Judge Troutman then marked the case settled and dismissed the suit pursuant to E.D.Pa. Loc.R.Civ.P. 45. Banks then executed a release against the driver of the vehicle and his insurance company.

Two weeks after the suit had been settled, Banks wrote a letter to Judge Troutman asking him to set aside the settlement agreement because he had not yet received payment thereunder. Approximately one week after writing Judge Troutman, Banks filed a complaint with the Disciplinary Board of the Pennsylvania Supreme Court alleging that Mr. Fineman had promised him payment within one week of settlement and had failed to deliver payment within that time. On October 21, 1994, approximately six weeks after the settlement agreement was executed, Mr. Fineman [**3] notified Banks that the settlement check had arrived. Banks then retrieved the settlement check, less counsel fees and costs, and deposited the tendered funds in his account.

[*1331] In December of 1994 Banks filed the instant legal malpractice action against Mr. Fineman and the Taylor firm. Banks alleged that he was induced to settle because Mr. Fineman promised him that he would receive payment within one week of settlement and a new position of employment with SEPTA, Banks' former employer, neither of which occurred. Fineman and the Taylor firm then filed a motion for summary judgment which was granted. This appeal followed. Banks presents the following issues for our consideration:

1. Whether an attorney's promise of a job and assurance that appellant would get his settlement check within one week served as sufficient inducement to coerce appellant to enter [into] a settlement in his personal injury action?

2. Whether an attorney's promise of a job to induce appellant to enter into a settlement agreement constituted legal malpractice?

Our standard of review is well settled. HN2[⬆] This court will only reverse the trial court's entry of summary judgment where there was an abuse [**4] of discretion or an error of law. *Merriweather, 453 Pa. Super. at 470, 684 A.2d at 140*. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Pa.R.C.P. 1035.2*, 42 Pa.C.S.A. In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the nonmoving party. *Id.* Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.*

Initially, we feel compelled to comment upon the litigants' interpretations of the state of the law governing

700 A.2d 1329, *1331; 1997 Pa. Super. LEXIS 3236, **4

legal malpractice actions arising out of settlement agreements. In order to do so, however, we must first briefly recount the development of this area of the law. In *Muhammad v. Strassburger et al., 526 Pa. 541, 587 A.2d 1346 (1987)*, the Supreme Court of Pennsylvania held that a client is foreclosed from claiming legal malpractice due to dissatisfaction [**5] with the monetary terms of a settlement agreement. This rule was premised upon numerous policy considerations iterated as follows:

> . . . we foreclose the ability of dissatisfied litigants to agree to a settlement and then file suit against their attorneys in the hope that they will recover additional monies. To permit otherwise results in unfairness to the attorneys who relied on their client's assent and unfairness to the litigants whose cases have not yet been tried. Additionally, it places an unnecessarily arduous burden on an overly taxed court system.

*Id. at 552, 587 A.2d at 1351*. The *Muhammad* court did, however, leave open the courthouse doors for relief for clients who could prove that they were fraudulently induced into agreeing to settle. *Muhammad, 526 Pa. at 552, 587 A.2d at 1351*.

Cases following the *Muhammad* decision interpreted its dictates rather broadly. For example, a panel of this court in *Miller v. Berschler, 423 Pa. Super. 405, 621 A.2d 595 (1993)*, applied the *Muhammad* rule to bar a client from maintaining a legal malpractice action against his attorney where the client alleged that his attorney negligently [**6] failed to inform him of the necessity of a cohabitation provision in a settlement agreement for termination of alimony liability. In so holding, the court explained that the *Muhammad* rule was "well nigh absolute." *Miller, 423 Pa. Super. at 407, 621 A.2d at 596*. Thus, after *Miller*, the *Muhammad* rule applied to bar a disgruntled client from pursuing a claim for negligence against his or her counsel in conjunction with a settlement agreement under any circumstance. *See Miller, 423 Pa. Super. at 410, 621 A.2d at 598* ("Post-*Muhammad*, a party dissatisfied with the settlement agreement provided by their attorney can only seek redress if it can establish it was fraudulently induced into agreeing to settle . . . ").

In a case factually indistinguishable from *Miller*, the supreme court revisited *Muhammad* in the recent case of *McMahon v. Shea, 547 Pa. 124, 688 A.2d 1179 (1997)*. Upon [*1332] separation, Mr. and Mrs. McMahon entered into an agreement whereby Mr. McMahon agreed to pay his estranged wife alimony and child support. The only provision for termination of payment under the agreement was when the youngest child reached [**7] twenty-one, was emancipated, or finished college. After Mr. McMahon filed a complaint in divorce he then entered into a stipulation, upon advice of counsel, wherein the previous agreements would be incorporated but not merged into the final divorce decree. Approximately two months after the divorce decree was entered, Mrs. McMahon was remarried. Mr. McMahon filed a motion to terminate the order requiring payment of alimony which was denied. Mr. McMahon subsequently initiated suit against counsel, claiming that counsel was negligent in failing to merge the alimony agreement with the final divorce decree. [1] The trial court, relying upon *Muhammad*, dismissed Mr. McMahon's action. The superior court sitting *en banc* reversed, explaining that the *Muhammad* rule applies in cases where the alleged negligence lies in the exercise of judgment regarding an amount to be accepted or paid in settlement of a claim, not when allegations exist concerning an attorney's failure to advise a client properly about well established principles of law and the impact of an agreement upon the substantive rights and obligations of the client. *See McMahon v. Shea et al., 441 Pa. Super. 304, 310-312, [**8] 657 A.2d 938, 941 (1995)* (*en* banc). In affirming this court, the supreme court concluded that the policy considerations driving the *Muhammad* rule were not present in *McMahon*, since the client's malpractice suit in *McMahon* was not due to a dissatisfaction with the settlement amount, but rather to the attorney's failure to advise him as to the possible consequences of entering into a legal agreement. The supreme court further stated that it would be absurd for attorneys to be permitted to shield themselves from liability for legal errors under the guise that they were exercising professional judgment. *McMahon, 547 Pa. at 130-132, 688 A.2d at 1182*.

[**9] Out of these cases we extract the following principles. *HN3*[↑] In cases wherein a dissatisfied litigant merely wishes to second guess his or her decision to settle due to speculation that he or she may

---

[1] The Divorce Code provides that the payment of alimony shall terminate upon the payee-spouse's remarriage. *See 23 Pa.C.S.A. § 3701(e)*. Where, however, the parties enter into an alimony agreement that is not merged with a subsequent divorce decree, then that agreement survives the divorce decree, thus obligating the parties to the agreement to honor the agreement after the divorce decree has been entered. *See McMahon v. McMahon, 417 Pa. Super. 592, 612 A.2d 1360 (1992)* (*en* banc).

Case 2:21-cv-04644-WB    Document 2    Filed 10/13/21    Page 56 of 79

Page 5 of 6

700 A.2d 1329, *1332; 1997 Pa. Super. LEXIS 3236, **9

have been able to secure a larger amount of money, i.e "get a better deal" the *Muhammad* rule applies so as to bar that litigant from suing his counsel for negligence. If, however, a settlement agreement is legally deficient or if an attorney fails to explain the effect of a legal document, the client may seek redress from counsel by filing a malpractice action sounding in negligence. Compare *Martos v. Concilio, 427 Pa. Super. 612, 629 A.2d 1037 (1993)* (client who was displeased with results of settlement agreement could not sue his attorney for malpractice absent allegations of fraudulent inducement) with *Collas v. Garnick, 425 Pa. Super. 8, 624 A.2d 117 (1993)* (counsel who negligently advised personal injury clients that signing a general release did not bar future lawsuits against other possible tortfeasors could be liable in negligence).

The facts of the present case align closely with those in *Muhammad.* That is, Banks has not complained that his attorneys failed to explain [**10] the legal effect of the settlement agreement nor has Banks complained that the agreement neglected to follow well settled legal principles. It is clear, therefore, that Banks is dissatisfied with the amount of his settlement and is utilizing the claim of legal malpractice as a vehicle to vent his frustration. Based upon the dictates of *Muhammad,* Banks' only option for relief would be to prove that his counsel, Mr. Fineman, fraudulently induced him into accepting the settlement agreement. The trial court properly granted summary judgment on Bank's legal malpractice claim sounding in negligence. *McMahon, supra; Muhammad, supra.*

[*1333] Banks does assert that Mr. Fineman fraudulently induced him into signing the agreement by promising Banks the settlement money within a week of settlement and also guaranteeing him with employment at SEPTA. Accordingly, we must determine whether the trial court properly concluded that there were no triable issues as to whether Mr. Fineman fraudulently induced Banks to agree to settle. *See McMahon, supra; Muhammad, supra.* See also *Briggs v. Erie Ins. Group, 406 Pa. Super. 560, 567, 594 A.2d 761, 764 (1991)* ("one may not, with impunity, induce [**11] another to contract by fraudulent misrepresentations.") (citation omitted).

HN4[↑] Fraudulent conduct is defined as a "misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it to the damage of the victim." *Moser v. DeSetta, 527 Pa. 157, 163, 589 A.2d 679, 682 (1991)* (citation omitted). A person asserting fraud, therefore, must establish: (1) a

misrepresentation, (2) scienter on behalf of the misrepresenter, (3) an intention by the maker that the recipient will be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient. *Briggs, 406 Pa. Super. at 567, 594 A.2d at 764.* A review of the record reveals that viewing the facts in the light most favorable to Banks as the non-moving party, Banks has clearly not demonstrated that there are triable issues on any, let alone all five, elements.

As far as the promise of employment is concerned, Banks himself admitted in his deposition that Mr. Fineman never promised to secure him a job, but rather merely offered to help Banks in looking for future employment by contacting certain acquaintances at SEPTA. Banks also [**12] admitted that Mr. Fineman did attempt to assist him in finding a new job by making several telephone calls in Bank's presence to various SEPTA officials. These facts are wholly supported by the depositions of both Judge Troutman and his law clerk, Anne Carroll, Esquire, which revealed that Banks' agreement to settle was not conditioned upon his counsel securing him employment. Banks could not have justifiably relied upon a promise to secure employment, since Mr. Fineman only offered to help find Banks employment, not actually secure him a position. In any event no one, not even Banks himself, thought that such an offer was a pre-condition for signing the agreement. The record clearly demonstrates that Mr. Fineman did not make any fraudulent misrepresentations to Banks concerning future employment. *Moser, supra; Briggs, supra.*

Banks' contention that he was promised by Mr. Fineman that he would receive the settlement money within a week of settlement is also belied by the record. While Mr. Fineman did convey to Banks that the settlement money would most likely be paid within a week of settlement, it is clear that Banks understood that Mr. Fineman was merely telling Banks what the [**13] underlying defendant's attorney conveyed to him. There are no facts whatsoever to support Banks' allegation that his attorney specifically promised payment of settlement within one week. Mr. Fineman did not, therefore, fraudulently misrepresent to Banks that he would receive the settlement check within one week after settlement. *Moser, supra; Briggs, supra.*

Having concluded that the trial court correctly found that Banks was not fraudulently induced into signing the settlement agreement, we conclude that the trial court properly granted summary judgment in favor of Mr.

700 A.2d 1329, *1333; 1997 Pa. Super. LEXIS 3236, **13

Fineman and the Taylor firm. *Pa.R.C.P. 1035.2*; *see*
*Merriweather, supra.*

Order affirmed.

---

**End of Document**

# EXHIBIT- F

APPOINTMENTS FOR: BANKS,WINSTON J          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 PRINTED: 3/2/2007@10:04

Oct 20, 2006 12:40 PM (20 MINUTES)   EMERGENCY ROOM

Oct 25, 2006  1:00 PM (20 MINUTES)   BHS/CIU INTAKE
  *** CANCELLED BY MARINO,ANTHONY L ***

Oct 26, 2006  9:30 AM (30 MINUTES)   MHC DR. WOLMAN

Oct 28, 2006  2:00 PM (30 MINUTES)   GEN MEDICINE C&P KIRKSEY

Nov 20, 2006  4:00 PM (30 MINUTES)   PCC/GREEN - BERLIN (URGENT)

Nov 30, 2006  2:30 PM (30 MINUTES)   MHC DR. WOLMAN

Dec 05, 2006  3:00 PM (30 MINUTES)   PCC/GREEN - BERLIN (F/U)
  *** CANCELLED BY HARLEY,VEDA ***

Dec 12, 2006 10:30 AM (30 MINUTES)   PHYSICAL THERAPY - CARROZZO
  *** CANCELLED BY WITMER,WENDY L ***

Dec 13, 2006  4:00 PM (30 MINUTES)   PCC/GREEN - BERLIN (URGENT)

Dec 15, 2006 11:00 AM (60 MINUTES)   RHEUMATOLOGY INITIAL VISITS

Dec 20, 2006 10:00 AM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Dec 27, 2006  2:00 PM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Dec 28, 2006 11:00 AM (30 MINUTES)   PHYSICAL THERAPY
  *** CANCELLED BY MCNALLY,THOMAS ***

Jan 03, 2007  2:00 PM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Jan 10, 2007  2:00 PM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Jan 17, 2007  2:00 PM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY
  *** CANCELLED BY MCNALLY,THOMAS ***

Jan 19, 2007 11:00 AM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Jan 23, 2007  1:00 PM (30 MINUTES)   PCC/GREEN - BERLIN (F/U)

Jan 23, 2007  2:00 PM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Jan 30, 2007  2:00 PM (30 MINUTES)   PHYSICAL THERAPY - MCNALLY

Jan 30, 2007  3:00 PM (30 MINUTES)   MHC DR. WOLMAN

The final day to timely appeal this
determination is December 07, 2006.

# NOTICE OF DETERMINATION

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF LABOR AND INDUSTRY**
**BUREAU OF UC BENEFITS AND**
**ALLOWANCES**

| | |
|---|---|
| **SSN:** | 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 |
| **Type Claim:** | US |
| **AB Date:** | October 29, 2006 |
| **Mailed On:** | November 22, 2006 |
| **Page:** | 1 of 3 |

**CLAIMANT:**

WINSTON J. BANKS
PO BOX 13417
PHILADELPHIA PA 19101-3417

**EMPLOYER:**

CITY OF PHILADELPHIA - TALX
PO BOX 11874
HARRISBURG PA 17108-1874

## FINDINGS OF FACT

1. The Claimant was last employed on 10/20/2006.
2. The Claimant was discharged as the result of unsatisfactory work performance.
3. The Claimant was not working on a probationary period basis.
4. The Claimant had not been warned about the unsatisfactory work performance.
5. The Claimant's ability and availability for work is affected because: he cannot be under stress or do physical work.

## DISCUSSION

In situations where the Claimant is discharged for unsatisfactory work performance, the burden of proof is on the Employer to show that the Claimant had been warned about the unsatisfactory work performance and was not working to the best of his ability. In order to qualify for benefits once this is established, the burden shifts to the Claimant to show good cause for the unsatisfactory work performance. In this case, the Claimant had not been warned about the unsatisfactory work performance. As such, the Claimant's actions do not constitute willful misconduct and benefits must be allowed under Section 402(e).

The burden of proof is on the Claimant to show that he is able and available for suitable employment. In this case the Claimant has sustained his burden of proof and is able and available for suitable work. As such, benefits must be allowed under Section 401(d)(1).

## DETERMINATION

The Claimant is eligible for benefits under Section 402(e) of the Pennsylvania Unemployment Compensation Law beginning with waiting week ending 11/4/2006.

The Claimant is also eligible for benefits under Section 401(d)(1) beginning with waiting week ending 11/4/2006.

**UC Representative:  sdo**

## APPEAL INSTRUCTIONS

**The last day to timely appeal this determination is:** December 07, 2006.

Under Section 501(e) of the Pennsylvania Unemployment Compensation Law, this determination becomes final unless you file an appeal. For your appeal to be timely, it must be filed within fifteen calendar days after the mailing date shown on the determination. However, if the fifteenth day is a Saturday, Sunday or legal holiday, you may file a timely appeal on the next business day. If your appeal is not filed on time, the UC Board of Review will determine if you had good cause for filing a late appeal.

---

The last day to timely appeal this determination is:  December 07, 2006

If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. Information for filing an appeal is included in this determination.

| | | | |
|---|---|---|---|
| **CLAIMANT:** | WINSTON J. BANKS | **SSN:** | 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 |
| **EMPLOYER:** | CITY OF PHILADELPHIA - TALX | **Page:** | 2 of 3 |

You may use a Petition for Appeal form, a letter or e-mail to appeal. Regardless of the format you choose, your appeal must include the name and address of the claimant, the social security number of the claimant, if known, the date of the determination being appealed, the reason for the appeal and the name and address of the individual filing the appeal. If you use a Petition for Appeal form or a letter to appeal, you may file your appeal by mail, common carrier or fax, or by personal delivery to any CareerLink office. Please follow these appeal instructions carefully:

- If you file your appeal by mail, the appeal is filed on the date of the U.S. Postal Service postmark, certificate of mailing, or certified mail receipt. If there is no postmark, certificate of mailing or certified mail receipt, but the appeal contains a postage meter mark, the appeal is filed on the date of the postage meter mark. If there is no Postal Service information or postage meter mark, the appeal is filed on the date recorded by the Department when the appeal is received. If you file your appeal by common carrier, the appeal is filed on the date it is delivered to the common carrier as established by the records of the common carrier. If the date of the delivery to the common carrier cannot be determined by documents in the record, the appeal is filed on the date it is received by the Department. If you wish to appeal please send a letter of appeal to:

  **Scranton UC Service Center**
  **30 Stauffer Industrial Park**
  **Taylor PA 18517-9625**

- If you file your appeal by fax, the appeal is filed on the date of receipt imprinted by the receiving fax machine. If the receiving fax machine does not imprint a legible date, the appeal is filed on the date of transmission imprinted by the sending fax machine. If the faxed appeal does not contain a legible date of transmission, it is filed on the date recorded by the Department when it receives the appeal. If you appeal by fax, you are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and you accept the risk that the appeal may not be properly or timely filed. Please fax a letter of appeal to: **570-562-4872**.

- If you file your appeal by e-mail, the appeal is filed on the date of receipt recorded by the Department's electronic transmission system, if the e-mail is in a form capable of being processed by the Department's system. If you appeal by e-mail, you are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and you accept the risk that the appeal may not be properly or timely filed. If you wish to appeal by e-mail, forward your appeal information to the Department at L&I-UC-Appeals@state.pa.us . **Warning: information submitted by e-mail is not secure.**

- If you file your appeal by personal delivery to a CareerLink, your appeal is filed on the date it is delivered to the CareerLink, during normal business hours. If you wish to appeal by personal delivery, take a letter of appeal to the nearest Pennsylvania CareerLink. The CareerLink representative will forward your appeal or letter of appeal to the UC Service Center. **NOTE: Appeals can not be filed in-person at UC Service Centers.**

**IMPORTANT:** If you remain partially or fully unemployed while an appeal concerning your eligibility is pending, continue to file your bi-weekly claims for benefits. If the appeal is decided in your favor, only benefits for the weeks you claimed will be released for payment. Your employer has the same rights of appeal as you do.

### PROVISIONS OF THE PENNSYLVANIA UNEMPLOYMENT COMPENSATION LAW

Section 402(e) of the Law provides, in part, that a Claimant shall be ineligible to receive benefits for any week in which his unemployment is due to suspension or discharge for willful misconduct connected with the work.
Section 401(d)(1) of the Law provides, in part, that a Claimant shall be ineligible to receive benefits for any week in which he is not able to work or is not available for suitable work.

### REMOVAL OF DISQUALIFICATION

The last day to timely appeal this determination is: December 07, 2006
If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. Information for filing an appeal is included in this determination.

| | | | |
|---|---|---|---|
| **CLAIMANT:** | WINSTON J. BANKS | **SSN:** | 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 |
| **EMPLOYER:** | CITY OF PHILADELPHIA - TALX | **Page:** | 3 of 3 |

A disqualification under the provisions of Section 401(d)(1) of the Law remains in effect as long as the Claimant continues to be unable or unavailable for suitable work.

THE EXPLANATION OF THE PENNSYLVANIA UNEMPLOYMENT COMPENSATION LAW PROVISIONS IS PROVIDED FOR INFORMATION ONLY. FOR FURTHER EXPLANATION OF THIS DETERMINATION, CONTACT THE PENNSYLVANIA UC SERVICE CENTER INDICATED IN THE APPEAL INSTRUCTIONS.

**CONTRIBUTING BASE YEAR EMPLOYER:** This is not a determination on relief from charges. However, this determination may affect a request for relief from charges.

● An appeal to a Claimant's eligibility and a request for relief from charges MUST BE FILED SEPARATELY.

● For procedures and time limits for requesting relief from charges, see Form UC-44FR previously sent to you with the Claimant's Notice of Financial Determination or contact the Employers' Charge Section, 7th Floor, Labor & Industry Building, 7th & Forster Streets, Harrisburg, PA 17121.

**A REQUEST FOR RELIEF FROM CHARGES, WHETHER GRANTED OR NOT, WILL HAVE NO EFFECT ON THIS DETERMINATION.**

The last day to timely appeal this determination is: December 07, 2006
If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. Information for filing an appeal is included in this determination.

# SICKNESS CLAIM FORM - PHYSICIAN'S STATEMENT

## Failure to complete this form in its entirety may result in a delay in processing this claim.

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime, and subjects such person to criminal and civil penalties.

Policy Number: P7636585                                      Policyholder Name: Winston J. Banks

Patient Name: Winston J. Banks

## SECTION B: PHYSICIAN'S STATEMENT  Please answer each question COMPLETELY.

| PHYSICIAN'S NAME David Stern MD | PHONE NUMBER (215) 823-4280 | FAX NUMBER (215) 823-4411 |
|---|---|---|

| MAILING ADDRESS Phila VAMC  University & Woodland Ave | CITY Phila, PA | STATE | ZIP 19104 |
|---|---|---|---|

| DATES OF SERVICE | DIAGNOSIS CODE ICD | DIAGNOSIS DESCRIPTION | PROCEDURE CODE | PROCEDURE DESCRIPTION | PLACE OF SERVICE |
|---|---|---|---|---|---|
| 11/20/06 | 724.5 | chronic low back pain | | | Phila VAMC |
| | | | | | |
| | | | | | |

1. Symptoms first occurred on: 10 / 20 / 06      If diagnosed with cancer, date of initial diagnosis: ___ / ___ / ___

2. Patient first consulted you for this condition on: 11 / 20 / 06

3. Is there a referring physician?  ☐ Yes  ☒ No    If yes, physician's name: _____
   Referring physician's address: _____    Phone number: _____

4. Was patient hospitalized as a result of this diagnosis?  ☐ Yes  ☒ No    Admission: ___ / ___ / ___    Discharge: ___ / ___ / ___
   Hospital Name: _____    City: _____    State: _____

5. Pregnancy claims: Date of delivery: ___ / ___ / ___    ☐ Vaginal  ☐ Cesarean

6. If not delivered, expected delivery date: ___ / ___ / ___

| PHYSICIAN'S SIGNATURE | DATE | TAX ID NUMBER |
|---|---|---|

### ATTENTION PHYSICIAN: If patient is disabled, please ALSO complete SECTION C below.

## SECTION C: PHYSICIAN'S DISABILITY STATEMENT  Must be completed by physician or physician's staff.

1. First date of disability: 10 / 20 / 06                Last date of treatment: ___ / ___ / ___

2. Is patient currently working:  ☐ Full-time?  ☐ Part-time?  ☐ Light duty?    Date patient was released to return to work: 12 / 13 / 06

3. If patient has not been released to return to work or if patient is working light duty, please provide the next appointment date: ___ / ___ / ___

4. If patient is not employed, or employed less than 30 hours, which Activities of Daily Living (ADLs) is the patient unable to perform?

   Check and initial all that apply:  ☐ Continence  ☐ Transferring  ☐ Dressing  ☐ Toileting  ☐ Eating  ☐ Bathing

| PHYSICIAN'S SIGNATURE  DAVID STERN MD | 12/19/06  DATE | MD068730L, PA  TAX ID NUMBER |
|---|---|---|

Please review and sign the attached authorization.  Two copies are attached:  return one copy to Aflac and keep one for your records.  By returning the signed authorization with your claim, you will help us process your claim as quickly and efficiently as possible.

American Family Life Assurance Company of Columbus (Aflac)
Attn:  Claims Department • Worldwide Headquarters • 1932 Wynnton Road • Columbus, GA  31999
For information or help filing your claim, please call toll-free 1-800-99-AFLAC (1-800-992-3522) or visit our Web site at aflac.com.
Toll-free fax number: 1-877-44-AFLAC (1-877-442-3522)

S2029

Exhibit F

# EXHIBIT- G

Goodman Family Chiropractic    7256 Rising Sun Ave. Philadelphia, PA. 19111    215-725-3979

## PHYSICAL EXAMINATION pg 1

Patient: Winston Jones    Date: 10/16/09

Sex: M  F    Age 55    Chief: COS/CS/DJ    Quality: 1 2 3 4 5 6 7 8 9 10

### SEATED EXAMS:

| | | |
|---|---|---|
| Compression/Jackson's: | r l (sd) wnl | Subin |
| Distraction: | pos wnl | |
| Shoulder Depressor: | r l wnl | |
| Adson's: | r l (wnl) | |
| Valsalva: | pos (wnl) | |
| Bechterew's: | r l (wnl) | |
| Vertebro-Basilar: | pos (wnl) | |
| Kemps: | (r l) wnl | Subin — DBin |
| Dejerine: | cough sneeze bowel (wnl) | |

**Cervical R.O.M.:**

Flex ____ (50)  Ext ____ (60)
RLF ____ (45)  LLF ____ (45)
RR ____ (80)  LR ____ (80)

Finger Adduct:  r  l  wnl
Finger Abduct:  r  l  wnl

### Tendon Reflexes:

| | | | | |
|---|---|---|---|---|
| Biceps: | right 0 +1 +2 +3 +4 | left 0 +1 +2 +3 +4 | Wrist Flex: | r  l  wnl |
| Brachio: | right 0 +1 +2 +3 +4 | left 0 +1 +2 +3 +4 | Wrist Ext: | r  l  wnl |
| Triceps: | right 0 +1 +2 +3 +4 | left 0 +1 +2 +3 +4 | Biceps: | r  l  wnl |
| Patellar: | right 0 +1 +2 +3 +4 | left 0 +1 +2 +3 +4 | Triceps: | r  l  wnl |

*(0: Complete absence 1: Diminished **2: Normal Reflex** 3: Hyperactive reflex 4: Clonus present)*

### Palpation Findings (Myofascitis):

Traps: (U) r l bi (M) r l (bi) (L) r l (bi) Subocc: r l bi   PostCerv: r l (bi)
Delt: (A) r l bi (P) r l bi (L) r l bi   SCM: r l bi   AntCerv: r l bi

Sensation:                                          Additional Tests/Notes:

Upper Extremities:
Lower Extremities:
Rib Angle Tender:    **Right**  1 2 3 4 5 6 7 8 9 10 11 12
                     **Left**   1 2 3 4 5 6 7 8 9 10 11 12

### STANDING TESTS:

| | |
|---|---|
| Romberg: | pos (wnl) _____ |
| Adam's: | pos (wnl) _____ |
| Trendelenberg: | r l wnl _____ |
| Toe/Heel Walk: | pos (wnl) _____ |

**Dorso/Lumbar R.O.M.:**

Flex: ____ (60)  Ext: ____ (25)
RLF: ____ (25)  LLF: ____ (25)

Posture
Head: ____ Ear: ____ Shoulders: ____ Hips: ____ Ext Foot Rot: ____ Int Foot Rot ____

Sensation:

Additional Tests:

Goodman Family Chiropractic    7256 Rising Sun Ave. Philadelphia, PA. 19111    215-725-3979

### PHYSICAL EXAM pg 2

Patient _Winston James_    Date _12/16/09_

**PRONE TESTS:**

|  |  |  | Level |
|---|---|---|---|
| Nachalas: | (r l) | wnl | L5/S1 |
| Hibb's: | (r l) | wnl | SI (bilat) |
| Elys: | (r l) | wnl | L5/S |
| Yeoman's: | (r l) | wnl | L5-S1 |

**Myofascitis:**
Paraspinal Erect:  r l (bi)  Rhom:   r l bi   Quadriceps:  r l bi  Hamstrings:  r l bi
LumPelvic Erect:  r l (bi)  QdLum:  r l bi      Gluts:   r l bi  Gastrocs  :  r l bi

**Cervical Spine Palpation**:  Occ__ Atlas__ Axis__ C3__ C4__ (C5__ C6)__ C7__

**Palpation**:    T1__ T2__ T3__ T4__ T5__ T6__ T7__ T8__ T9__ T10__ (T11__ T12__)

L1__ L2__ L3__ (L4__ L5__ Sac__ Ilium) L F/R

**Leg Check's:**          — Still Short          **Additional Tests/Notes:**
Derefield:     Right: (+) - cs          → N/A L-Correct Rent Fx.
Left:  + - cs          1/4" of L Short Leg
Supine       Right Short_____  Left Short_____

**Achilles Tendon Reflex**:       right 0 +1 +2 +3 +4     left 0 +1 +2 +3 +4
*(0: Complete absence 1: Diminished **2: Normal Reflex** 3: Hyperactive reflex 4: Clonus present)*

| **SUPINE TESTS:** |  |  |  | **Muscle Tests**: |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  | Hamstring: | r l | (wnl) |  |
| SLR: | r l | (wnl) | _____ | Gastrocs: | r l | (wnl) |  |
| Braggard's: | r l | (wnl) | _____ | Quadriceps: | r l | wnl |  |
| Well Leg/Fajerstajn's: | r l | wnl | _____ | HipFlex/Psoas: | r l | (wnl) |  |
| Kernig's | r l | wnl | _____ | Adductor: | r l | (wnl) |  |
| Milgram's: | pos | (wnl) | _____ | Abductor: | r l | (wnl) |  |
| Patrick/Fabre's: | (r l) | wnl |  | Gluteal : | r l | (wnl) |  |
| Soto-Hall: | (r l) | wnl | (4 — 5) |  |  |  |  |

*(Ranges of motion are in approximate degree's, evaluated using a goniometer)*

Additional Questions:

**Patient:** Winston Banks     **Date:** 12-16-09

**History:** _____

**Quality:** 1 2 ③ 4 5 6 7 8 9 ⑩

**Subjective:** _____

### Cervical Region-Subluxation

| Occ | C1 | C2 | C3 | C4 | C5 | C6 | C7 |
|-----|----|----|----|----|----|----|----|

**Myofascitis:**    toggle__ drop__ activator__ seated__

Subocc *r l bi* Upper *r l bi*__ Post Cerv *r l bi*__ Ant Cerv *r l bi* SCM *r l bi* UpTrap *r l bi* Other_____

**Notes:** _____

### Thoraco-Lumbar Region-Subluxation

| T1 | T2 | T3 | T4 | T5 | T6 | T7 | T8 | T9 | T10 | T11 | T12 | L1 | L2 | L3 | L4 | L5 | Sac | RI | LI |
|----|----|----|----|----|----|----|----|----|-----|-----|-----|----|----|----|----|----|-----|----|----|

**Myofascitis:**    drop__ activator__    drop__ side__ block__

Traps *r l bi* Delt *r l bi* Rhom *r l bi* ParaErec *r l bi* LumPelv *r l bi* Glut *r l bi* QL *r l bi* Other:_____

**Extremities:** *ribs R___ L___ wrist/fing elb knee hip ankle hum sc ac tmj* (R L Bi)

**Assessment:** *subluxation discogenic strain sprain other* _____

**Treatment:**    **Units____ Time 15 20 25 30 35 40 45** _____

Adj___ MyoR/TPT___ Manual Trac___ Ice___ Heat___ Intseg___ Stim___ Manual Therapy_____

**Exercise Protocol:** trunk weights balance bands ball   **Stretch:** Cerv Thor Lum Arm Leg Sh Ank H/Wrst

_____ Sets____ Reps____ (basic/inter/advance) ROM passive active PNF PEP

**Prognosis:** Excellent____ Good____ Fair____ Poor____ Guarded X

**Notes:** LIGHT

---

**Patient:** Winston Banks     **Date:** 12/23/09

**History:** _____

**Quality:** 1 2 3 4 5 6 7 8 9 10

**Subjective:** "NOT BAD TODAY"

### Cervical Region-Subluxation

| Occ | C1 | C2 | C3 | C4 | C5 | C6 | C7 |
|-----|----|----|----|----|----|----|----|

**Myofascitis:**    toggle__ drop__ activator__ seated__

Subocc *r l bi* Upper *r l bi*__ Post Cerv *r l bi*__ Ant Cerv *r l bi* SCM *r l bi* UpTrap *r l bi*

Other_____

**Notes:** _____

### Thoraco-Lumbar Region-Subluxation

| T1 | T2 | T3 | T4 | T5 | T6 | T7 | T8 | T9 | T10 | T11 | T12 | L1 | L2 | L3 | L4 | L5 | Sac | RI | LI |
|----|----|----|----|----|----|----|----|----|-----|-----|-----|----|----|----|----|----|-----|----|----|

**Myofascitis:**    drop__ activator__    drop__ side__ block__

Traps *r l bi* Delt *r l bi* Rhom *r l bi* ParaErec *r l bi* LumPelv *r l bi* Glut *r l bi* QL *r l bi* Other:_____

**Extremities:** *ribs R___ L___ wrist/fing elb knee hip ankle hum sc ac tmj* (R L Bi)

**Assessment:** *subluxation discogenic strain sprain other* _____

**Treatment:**    **Units____ Time 15 20 25 30 35 40 45** _____

Adj___ MyoR/TPT___ Manual Trac___ Ice___ Heat___ Intseg___ Stim___ Manual Therapy_____

**Exercise Protocol:** trunk weights balance bands ball   **Stretch:** Cerv Thor Lum Arm Leg Sh Ank H/Wrst

_____ Sets____ Reps____ (basic/inter/advance) ROM passive active PNF PEP

**Prognosis:** Excellent____ Good____ Fair____ Poor____ Guarded A

**Notes:**

Exhibit G

# EXHIBIT- H

*Chrissy Pharmacist*

```
      Report from: PHILADELPHIA, PA VAMC    Station #642
                                                   10/29/2019 11:56
********* CONFIDENTIAL Patient Medication Calendar SUMMARY   pg. 1 **********
BANKS,WINSTON JAMES

                        5WRMS A560-02

---------------------- RXSC - Medication Schedule -----------------------


Date: Oct 29, 2019      PATIENT MEDICATION INFORMATION          Page: 1
        PRINTED BY THE VA MEDICAL CENTER AT: PHILADELPHIA, PA VAMC
        FOR PRESCRIPTION REFILLS CALL (888) 338-5525

Name: BANKS,WINSTON JAMES - 4331 PHARMACY - PHILADELPHIA DIVISION (888-338-5525)
```

| | MORNING | NOON | EVENING | BEDTIME | COMMENTS |
|---|---|---|---|---|---|

**ACETAMINOPHEN 325MG TAB**
TAKE TWO TABLETS BY MOUTH EVERY 6 HOURS AS NEEDED FOR PAIN/FEVER
0 refill(s) remaining prior to Nov 21, 2019

| UNITS PER DOSE: | | | | | |
|---|---|---|---|---|---|

**ACETAMINOPHEN 500MG TAB**
TAKE TWO TABLETS BY MOUTH THREE TIMES A DAY FOR PAIN/FEVER
2 refill(s) remaining prior to Jun 21, 2020

| UNITS PER DOSE: | | | | | |
|---|---|---|---|---|---|

**AMLODIPINE BESYLATE 10MG TAB**
TAKE ONE TABLET BY MOUTH IN THE MORNING FOR BLOOD PRESSURE
0 refill(s) remaining prior to Nov 28, 2019

| UNITS PER DOSE: | | | | | |
|---|---|---|---|---|---|

**ASPIRIN 81MG EC TAB**
TAKE ONE TABLET BY MOUTH ONCE DAILY FOR HEART.
2 refill(s) remaining prior to Dec 01, 2019

| UNITS PER DOSE: | | | | | |
|---|---|---|---|---|---|

**ATENOLOL 25MG TAB**
TAKE ONE TABLET BY MOUTH IN THE MORNING FOR HEART
3 refill(s) remaining prior to Sep 20, 2020

| UNITS PER DOSE: | | | | | |
|---|---|---|---|---|---|

```
Date: Oct 29, 2019        PATIENT MEDICATION INFORMATION              Page: 2
                PRINTED BY THE VA MEDICAL CENTER AT: PHILADELPHIA, PA VAMC
                FOR PRESCRIPTION REFILLS CALL (888) 338-5525

Name: BANKS,WINSTON JAMES - 4331 PHARMACY - PHILADELPHIA DIVISION (888-338-5525
```

```
------------------------------------------------------------------------------
                    |MORNING| NOON  |EVENING|BEDTIME|            COMMENTS
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
ATORVASTATIN CALCIUM 40MG TAB
        TAKE ONE-HALF TABLET BY MOUTH IN THE EVENING FOR CHOLESTEROL TO
        PREVENT HEART ATTACK AND STROKE
        0 refill(s) remaining prior to Nov 28, 2019
------------------------------------------------------------------------------
  UNITS PER DOSE: |       |       |       |       |
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DOCUSATE NA 100MG CAP
        TAKE ONE CAPSULE BY MOUTH EVERY 12 HOURS TO SOFTEN STOOL
        0 refill(s) remaining prior to Nov 28, 2019
------------------------------------------------------------------------------
  UNITS PER DOSE: |       |       |       |       |
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~


ENALAPRIL MALEATE 20MG TAB
        TAKE TWO TABLETS BY MOUTH ONCE DAILY FOR HEART
        2 refill(s) remaining prior to Sep 20, 2020
------------------------------------------------------------------------------
  UNITS PER DOSE: |       |       |       |       |
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~


FISH OIL 1000MG (500MG DHA/EPA) CAP
        TAKE TWO CAPSULES BY MOUTH TWICE A DAY FOR CHOLESTEROL.
        2 refill(s) remaining prior to Mar 01, 2020
------------------------------------------------------------------------------
  UNITS PER DOSE: |       |       |       |       |
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~


FLUOXETINE HCL 10MG CAP
        TAKE THREE CAPSULES BY MOUTH ONCE DAILY FOR MOOD/ANXIETY.
        1 refill(s) remaining prior to Jun 27, 2020
------------------------------------------------------------------------------
  UNITS PER DOSE: |       |       |       |       |
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

GABAPENTIN 300MG CAP
        TAKE ONE CAPSULE BY MOUTH AT BEDTIME FOR NERVE PAIN
        0 refill(s) remaining prior to Nov 28, 2019
------------------------------------------------------------------------------
  UNITS PER DOSE: |       |       |       |       |
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
```

Date: Oct 29, 2019        PATIENT MEDICATION INFORMATION            Page: 3
              PRINTED BY THE VA MEDICAL CENTER AT: PHILADELPHIA, PA VAMC
              FOR PRESCRIPTION REFILLS CALL (888) 338-5525

Name: BANKS,WINSTON JAMES - 4331 PHARMACY - PHILADELPHIA DIVISION (888-338-5525

---

|                     | MORNING | NOON  | EVENING | BEDTIME |     COMMENTS     |
|---------------------|---------|-------|---------|---------|------------------|

GLIPIZIDE 10MG TAB
      TAKE ONE TABLET BY MOUTH TWICE A DAY FOR DIABETES
      3 refill(s) remaining prior to Sep 20, 2020

---

 UNITS PER DOSE: |        |        |        |        |

METFORMIN HCL 500MG 24HR SA TAB
      TAKE TWO TABLETS BY MOUTH TWICE A DAY FOR DIABETES
      2 refill(s) remaining prior to Jul 29, 2020

---

 UNITS PER DOSE: |        |        |        |        |

OXYCODONE HCL 5MG TAB
      TAKE ONE TABLET BY MOUTH EVERY 8 HOURS AS NEEDED FOR PAIN FOR
      BREAKTHROUGH PAIN NOT CONTROLLED BY OVER THE COUNTER PAIN
      MEDICATIONS
      0 refill(s) remaining prior to Nov 28, 2019

---

 UNITS PER DOSE: |        |        |        |        |

SEMAGLUTIDE 0.5MG/0.375ML INJ PEN 1.5ML
      INJECT 0.25MG UNDER THE SKIN WEEKLY FOR 28 DAYS, THEN INJECT 0.5MG
      WEEKLY FOR 28 DAYS FOR DIABETES
      0 refill(s) remaining prior to Nov 08, 2019

---

 UNITS PER DOSE: |        |        |        |        |

SENNOSIDES 8.6MG TAB
      TAKE ONE TABLET BY MOUTH ONCE DAILY AS NEEDED FOR CONSTIPATION
      0 refill(s) remaining prior to Nov 28, 2019

---

 UNITS PER DOSE: |        |        |        |        |

SUPPLY ITEMS:
ACCU-CHEK AVIVA PLUS(GLUCOSE) TEST STRIP

---

*** END **  CONFIDENTIAL Patient Medication Calendar SUMMARY   pg. 1 **********

Exhibit H

```
                    ** WORK COPY - NOT FOR MEDICAL RECORD **
PHILADELPHIA VAMC                         10/29/2019 12:12        Page:  4
------------------------------------------------------------------------
 PATIENT NAME                    | AGE | SEX |     SSN     | CLAIM NUMBER
 BANKS,WINSTON JAMES             | 63  |  M  | ▓▓▓-4331    | ▓▓▓▓4331
------------------------------------------------------------------------
   ADM DATE    | DISC DATE    | TYPE OF RELEASE    | INP | ABS | WARD NO
 OCT 21, 2019  |              |                    |     |     |
------------------------------------------------------------------------
```

Additional medication instructions: As your pain level
decreases
you should limit the
amount of narcotic
medication and convert to
Tylenol only.
No driving on pain
medications. For
prevention of
constipation, take the
medications Colace and
senna while you are taking
pain medications. Continue
taking all other
medications as prescribed


Medication Reconciliation:
==========================   This list of medications was created after careful
review of the medications you were taking before admission to the hospital
and any medications given in the hospital, as well as any changes in your
health status which has been observed.  Please keep
a list of your current medications with you at all times to show to your
medical providers whenever necessary. Keep your list
up to date by writing down any changes as they are made.
Diet:
====
- Normal Diet.
Activity:
========
Restrictions: - Do not lift anything more than 10 lbs.
- Do not bend or twist at the waist. Always bend at your
knees.
- Limit your sitting to 20-30 minute intervals. You should lie
down or walk
in between sitting periods. There is no limit for sitting back
in a recliner.
- You may not drive a car until approved by your surgeon and
you are not
taking narcotic medications.
- You may not drive a car until approved by your surgeon and
you are not
taking narcotic medications.
- You may be a passenger for short distances (<30 minutes). If
you must take
longer trips, you should make several stops so that you can
walk and stretch.

PATIENT: BANKS,WINSTON JAMES                    VA FORM 10-1000 DISCHARGE SUMMARY
▓▓▓-4331   DOB: ▓▓▓▓▓▓                                      D R A F T

```
                    ** WORK COPY - NOT FOR MEDICAL RECORD **
PHILADELPHIA VAMC                           10/29/2019 12:12        Page:  2
------------------------------------------------------------------------------
 PATIENT NAME                    | AGE | SEX |      SSN      | CLAIM NUMBER
 BANKS,WINSTON JAMES             | 63  |  M  | ▓▓▓▓-4331     | ▓▓▓▓4331
------------------------------------------------------------------------------
   ADM DATE     |  DISC DATE   |  TYPE OF RELEASE   | INP | ABS | WARD NO
 OCT 21, 2019   |              |                    |     |     |
------------------------------------------------------------------------------
```

Yes - 10/21/19 L3-4 Lami

Patient instructions for follow-up:
========================================================
Please follow up with your primary care physician within
one month to review the
course of your hospitalization and your medication list
as well as for renewal
of breakthrough pain medications.

Please call the Neurosurgery clinic at 215-823-5800 and
ask the operator to connect you to the neurosurgery
outpatient clinic to assure a
follow up appointment one week after discharge for wound
check and post-op
follow up. Your appointment is November 5th.


Upcoming Appointments:
======================
10/30/2019 13:00   PHL ECHO OPT                         INPATIENT
APPOINTMENT
11/04/2019 13:30   PHL SLEEP I/V - GURUBHAG              INPATIENT
APPOINTMENT
11/05/2019 11:30   PHL NEUROSURGERY POST OP              INPATIENT
APPOINTMENT
11/06/2019 14:45   PHL DIABETES TELE - PRATE             INPATIENT
APPOINTMENT
12/10/2019 10:30   PHL NEUROSURGERY POST OP              INPATIENT
APPOINTMENT
12/27/2019 11:00   PHL PACT GOLD TEAM MD 6               INPATIENT
APPOINTMENT
01/15/2020 13:00   PHL DIABETES - PRATER (F/             INPATIENT
APPOINTMENT
01/27/2020 10:00   PHL VISUAL FIELDS                     INPATIENT
APPOINTMENT
01/27/2020 10:30   PHL OPTOMETRY CLINIC A                INPATIENT
APPOINTMENT
10/07/2020 13:00   PHL UROLOGY FOLLOW UP MIC             INPATIENT
APPOINTMENT
Other Follow-up:

Documented Drug Allergies and Adverse Reactions:
=================================================
LOVASTATIN, SIMVASTATIN
Discharge Medications:


PATIENT: BANKS,WINSTON JAMES                VA FORM 10-1000 DISCHARGE SUMMARY
▓▓▓-4331   DOB: ▓▓▓▓▓▓▓                                  D R A F T
```

E
PHILADELPHIA VAMC                  ** WORK COPY - NOT FOR MEDICAL RECORD **
                                                    10/29/2019 12:12      Page:  1
-------------------------------------------------------------------------------
PATIENT NAME                        | AGE | SEX |      SSN        | CLAIM NUMBER
BANKS,WINSTON JAMES                 |  63 |  M  |  ~~~~~~~~~~~-4331 | ~~~~~~34331
-------------------------------------------------------------------------------
   ADM DATE       |  DISC DATE     | TYPE OF RELEASE  | INP | ABS | WARD NO
OCT 21, 2019      |                |                  |     |     |
-------------------------------------------------------------------------------
DICTATION DATE: OCT 29, 2019            TRANSCRIPTION DATE: OCT 29, 2019
LOCAL TITLE: DISCHARGE INSTRUCTIONS AND SUMMARY PHI
STANDARD TITLE: DISCHARGE SUMMARY
TRANSCRIPTIONIST: lb

                          DISCHARGE INSTRUCTIONS


Patient Information:
===================
Name: WINSTON JAMES BANKS
Date of Birth: SEP 1,1956

Admission Information:
======================
Date of Admission: Oct 21,2019
Date of Discharge: Oct 29,2019

Discharged to: home

Attending Physician at Discharge:
=================================
First name Pasquale
Last name   Colavita

Diagnoses:
=========
Primary Diagnosis for Admission: s/p L3-4 Lami
Secondary Diagnoses Addressed During Admission: For questions regarding the
patients
admission prior to transfer to RMS (10/21/19-
10/24/19) please contact the patients
admission attending, Dr. Fulop.


Does the patient smoke?

TOBACCO USER STATUS
  PT DOES NOT USE TOBACCO/TOBACCO PRODUCTS          10/21/2019

  No data available for ACCEPTS CESSATION COUNSELING;
DECLINES CESSATION COUNSELING

  No
Medicine/Surgery Discharge------------------------------------------------------
Operations and Procedures:
==========================

PATIENT: BANKS,WINSTON JAMES                  VA FORM 10-1000 DISCHARGE SUMMARY
~~~~~~~-4331   DOB: ~~~~~~~                              D R A F T

```
                        ** WORK COPY - NOT FOR MEDICAL RECORD **
PHILADELPHIA VAMC                              10/29/2019 12:12        Page:  8
---------------------------------------------------------------------------------
 PATIENT NAME                 | AGE | SEX |     SSN       |   CLAIM NUMBER
 BANKS,WINSTON JAMES          | 63  |  M  |   ▓▓▓-4331    |    ▓▓▓4331
---------------------------------------------------------------------------------
   ADM DATE   | DISC DATE   | TYPE OF RELEASE   | INP | ABS |  WARD NO
 OCT 21, 2019 |             |                   |     |     |
---------------------------------------------------------------------------------
```

   MH: BHIP-BRONZE TEAM
    (mhtc) Psychiatrist | Simone,Whitney E | PHONE:6663

REMOTE - LEBANON VA MEDICAL CENTER (595)
 PACT: No Local PACT Assigned.
 MH: V4 LEB BHIP CUMB CEDAR
   (mhtc) Registered Nurse | Mangino,Lisa M | PHONE:717-730-9782 @6298 |
PAGER:717-279-5715

Geriatrics: 215-823-5212
Behavioral Health: 215-823-4300
Women's Health: 215-823-4496
Surgery:
Emergency Room: 215-823-6361
Social Work: 215-823-4397
Other:


The signature below indicates that the signer (patient or caretaker/legal
guardian) has received this document and been counselled on the information
it contains. The patient or caretaker/guardian acknowledges that they
understand
the information and are able to carry out the instructions as given. The
clinician performing the discharge counselling has encouraged the patient
and/or
caretaker/guardian to ask questions and has answered their questions to the
best
of his/her ability.

_____          _____
Signature of Patient/Legal Guardian                         Date


---------------------------------------          -------------
Signature of Reviewer                                       Date

******************INFORMATION FOR VA HEALTHCARE PERSONNEL********************
Please print two (2) copies of the Discharge Instructions note. One copy is
to be signed by the patient and placed in the chart.  The other copy should
be given to the patient.
****************************************************************************

VA Form 10-7978mE

"Please scroll down to complete the Discharge Instructions section"


PATIENT: BANKS,WINSTON JAMES                    VA FORM 10-1000 DISCHARGE SUMMARY
▓▓▓-4331   DOB: ▓▓▓▓▓▓                                        D R A F T

Firefox    https://outlook.live.com/mail/0/AQQkADAwATIwMTAwAC0w...

